STATE OF CONNECTICUT v. ANTHONY RICH.
STATE OF CONNECTICUT v. ALEXANDER RICH.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 3—decided December 28, 1942.

*Philip Reich,* with whom, on the brief, was *Samuel Reich,* for the appellants (defendants).

*Lorin W. Willis,* state's attorney, with whom, on the brief, was *Otto J. Saur,* for the appellee (state).

ELLS, J. The informations in these cases are identical except that in one Alexander Rich is charged with conspiring with Anthony Rich to maintain a gambling establishment for the purpose of taking bets on horse races, and in the other Anthony Rich is charged with conspiring with Alexander Rich for the same purpose. The defendants were tried together. They rested immediately upon the conclusion of the state's testimony and claimed that the evidence was insufficient to prove guilt beyond a reasonable doubt. Both were found guilty, and they appealed.

It is unlawful to occupy a room with apparatus,

books or boards or any device for the purpose of making, recording or registering bets or wagers upon the result of horse races. General Statutes, § 6280. Any person who combines or agrees with another or others to accomplish an unlawful object by unlawful means, if one or more of such persons shall do any act in furtherance of such combine or agreement, commits a crime. General Statutes, Cum. Sup. 1939, § 1447e.

In support of its charge the state introduced evidence that police officers found the defendant Anthony Rich in a storeroom back of a barber shop. The room was furnished with a stand upon which stood a small radio, and a table upon which were some horse racing sheets and a telephone. Rich had in hand $11 in one- and two-dollar bills. Two other men were standing in the room. The police sergeant said, "This is it," whereupon Rich said he did not want to "take the arrest" and asked the police to take his brother. He also said, "If you didn't want me to open up why didn't you tell me," to which the sergeant replied, "Mr. Willis [the state's attorney] has told you through the newspapers that he was going after the horse racing." The sergeant asked him who told him he could open up, and the defendant said he understood "some of the other boys were opening up." The police found the defendant Alexander Rich, brother and alleged co-conspirator of Anthony, in an adjacent, secluded room. The door leading into it was cut in the middle and into the lower half a shelf had been built. In the second room was a desk with two telephones. They, and the one in the first room, were ringing constantly. Alexander was seated at the desk with headphones attached to his head. On the desk in front of him were a number of horse-racing sheets upon which he was making marks and notations. In a corner of the room was a small box containing $5 in

change and nineteen slips of paper with writing on them which corresponded with names appearing on the horse-racing sheets. Two of the sheets were headed "Hialeah Park" and referred to various races, distances to be run, and a number of names such as "Tea Hour," "Tough Bird" and "Four Eyes."

It therefore appears that there was evidence that the defendants were occupying and in possession of a room with apparatus and devices for the purpose of making bets upon the result of horse races. There is no evidence that bets were actually made while the officers were there. The statute does not require the actual making of bets. There can be no reasonable conclusion from the evidence other than that the defendants were occupying a room with apparatus for the purpose of placing wagers on horse races. There is additional evidence that the defendant Anthony Rich impliedly admitted his guilt.

To constitute a conspiracy, there need be no formal agreement between the parties. It is enough if there is a mutual purpose to do the forbidden act. *State* v. *Kemp,* 126 Conn. 60, 79, 9 Atl. (2d) 63. A conspiracy may be established by proof of separate acts of individual conspirators done in accomplishment of the common purpose. *State* v. *Gannon,* 75 Conn. 206, 216, 52 Atl. 727.

If the evidence offered by the state was insufficient in itself to prove the guilt of the defendants beyond a reasonable doubt, it was at least sufficient to cast upon them the burden of explaining the incriminating circumstances; this distinguishes this case from *State* v. *McDonough,* 129 Conn. 483, 29 Atl. (2d) 582, and under the rule of that case the trial court could properly draw inferences from their failure to testify. Certainly when these were added to the other evidence in

the case, it could reasonably conclude that the defendants had been proven guilty of the crimes charged.

There is no error.

In this opinion the other judges concurred.