STATE OF CONNECTICUT *v.* JOSEPH F. KRESKE.

MALTBIE, C. J., BROWN, JENNINGS, DICKENSON and DALY, Js.

Argued January 6—decided February 10, 1944.

*Edwin S. Pickett,* prosecuting attorney, for the appellant (state).

*Ellsworth B. Foote,* with whom, on the brief, were *David E. FitzGerald, Jr., Charles Albom* and *Richard C. Hannan,* for the appellee (defendant).

BROWN, J. The defendant was charged with operating a motor vehicle in Bethany on July 27, 1943, while under the influence of intoxicating liquor, in violation of § 496e of the Cumulative Supplement, 1939. The state produced evidence and rested its case. The defendant offered no evidence. The trial court found him not guilty and the state, with the consent of the trial court, has appealed, assigning error in holding that upon the evidence the defendant was not guilty as charged and in failing to hold him guilty beyond a reasonable doubt. The question for determination, therefore, is whether upon the entire evidence the trial court erred in adjudging the defendant not guilty. *State* v. *Frost,* 105 Conn. 326, 332, 135 Atl. 446; *State* v. *Cots,* 126 Conn. 48, 53, 9 Atl. (2d) 138. Our determination of this issue renders it unnecessary to consider other questions raised by the defendant.

The state offered evidence of these among other facts: After dark on the evening of July 27, the defendant's motor truck, with lights out and headed north, was parked with its left wheels about one foot east of the center line of a main highway in Bethany a short distance south of the crest of a hill. It was there less than three-quarters of an hour. The defendant, who was alone, was lying back in the driver's seat with his head thrown back. He was unconscious and in no condition to drive. There were two bottles partly filled with alcoholic liquor back of the seat. The defendant admitted to police officers that he was the driver of the truck. He owned it and had an operator's license.

On the printed record the state's case in support of

both elements essential to the defendant's guilt, to wit, that he was operating the truck and while doing so was under the influence of intoxicating liquor, was a strong one, especially as supplemented by the inference arising from his failure to testify. The state, however, produced as witnesses, aside from two police officers, the drivers of three cars which stopped at the scene. None of these testified that the defendant was under the influence of liquor, and one testified that the defendant appeared sick rather than drunk and that he noted no odor of alcohol on the defendant's breath. It was also in the evidence that the day was warm and humid, that the defendant stated he had been on the road delivering groceries since early morning and was very tired and that the bottles of liquor belonged to a helper who had gotten out of the car some time before. The trial court had the opportunity to observe the witnesses, and their credibility and the evaluation of their testimony were for its determination, not ours. We cannot hold it unwarranted in concluding that the state failed to prove the defendant's guilt beyond a reasonable doubt.

The burden of the state's argument, however, is that the court erred because in reaching its conclusion it mistakenly interpreted our recent decision in *State* v. *McDonough,* 129 Conn. 483, 29 Atl. (2d) 582, as holding it essential to conviction that there be direct testimony by a witness that he saw the defendant operate the vehicle. In that case there was no evidence either by admission or by one who saw him driving that the defendant was the operator, or was the owner, or had any right to be in the car. The state's claim finds no support in the printed record before us, which contains no finding. After the case had been argued in this court, however, the state, pursuant to § 384 of the Practice Book, moved that the record be amended to

include the transcript of the arguments of counsel and the statements and rulings by the trial court incident thereto. Since the defendant will not be prejudiced, the motion is granted and our decision is based upon the record as so amended. The amendment, however, not only fails to bear out the claim made but shows it to be unfounded. The court first pronounced the defendant "guilty," and, referring to the evidence of operation, remarked: "The facts in this case go beyond those in the *McDonough* case. In this case here we have evidence that he was the operator of the car at the time the car was brought to a standstill." Subsequently the court revoked its pronouncement of guilty, and, in finding the defendant not guilty instead, referred solely to the insufficiency of evidence that the defendant was under the influence of intoxicating liquor. It is apparent, therefore, that the reasonable doubt which the court entertained related to this element of the offense and not to that of operation.

Because in argument counsel for the state was insistent that the *McDonough* case has been accepted as requiring, in order to convict, direct testimony by a witness that he saw the defendant operate the motor vehicle while under the influence of intoxicating liquor, we make this further observation: The decision in that case is open to no such construction. The question there concerned the amount of proof by the state prerequisite to resort by the trier to the inference arising from failure of the accused to testify. In that connection, in pointing out the lack of sufficient evidence to meet the required test, we stated (p. 484): " . . . there is no direct evidence that he [the defendant] was or had been driving the car." While the words quoted summarized accurately the evidence in that case, they were not intended nor are they to be construed as suggesting any departure from the universal rule that cir-

cumstantial evidence which affords the basis for an inference of guilt beyond a reasonable doubt may be sufficient to convict. This principle applies in the case of the offense here charged as it does in every other criminal prosecution. See *State* v. *Murphy*, 124 Conn. 554, 562, 1 Atl. (2d) 274; *State* v. *Donnelly*, 124 Conn. 661, 663, 2 Atl. (2d) 214; *State* v. *Cots*, supra, 55; *State* v. *Hayes*, 127 Conn. 543, 555, 18 Atl. (2d) 895; *State* v. *Parker*, 114 Conn. 354, 366, 158 Atl. 797.

There is no error.

In this opinion the other judges concurred.