## STATE OF CONNECTICUT *v.* CARLO FAILLACE

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued October 14—decided November 14, 1947

*Joseph J. Rinaldi* and *Frank Pimpinella,* for the appellant (defendant).

*Lorin W. Willis,* state's attorney, with whom, on the brief, was *Otto J. Saur,* for the appellee (state).

JENNINGS, J. The defendant, after a trial to the jury, was convicted of conspiracy to violate the statutes against gaming. He claims that the court lacked jurisdiction because he was not tried within the time limited by statute and that the court erred in denying his motion to set aside the verdict.

The first claim is based on General Statutes, § 6428. "Any case which shall come to the superior court by . . . binding over . . . for a violation of any statute against . . . gaming . . . shall be tried at the first term of the court to which such case shall so come by . . . binding over at which a jury shall be in attendance, unless the court shall order the case to be continued." The defendant was, on August 14, 1945, bound over to the next criminal term of the Superior Court, which was the September term, 1945, on a complaint in two counts, the first charging conspiracy to violate the statutes against gaming and the second, gaming. The defendant and a jury were present at the September criminal session but he was not put to plea nor was the case continued. He was tried on a substituted information, charging conspiracy only, in February, 1946, at the January session. He pleaded not guilty and also to the jurisdiction on the ground above set forth.

The plea to the jurisdiction was properly overruled. The defendant was tried at the next term of the Superior Court. General Statutes, Sup. 1941,

§ 789f, provides: "Terms. There shall be a term of the superior court for the transaction of both criminal and civil business, held annually on the Friday before the third Tuesday of September in each of the several counties of the state . . ." The case of *Spelke* v. *Shaw,* 117 Conn. 639, 169 A. 787, does not apply, for the court was there concerned with § 5409, which speaks of "term or session," while § 6428 only mentions term. It is also true, as claimed by the state, that the crime of conspiracy "is a distinct offense, entirely independent of the crime or unlawful act which is the purpose of the conspiracy." *Fimara* v. *Garner,* 86 Conn. 434, 437, 85 A. 670. The defendant was charged with conspiracy, not with gaming. Finally, failure to try him at the September criminal session would not go to the jurisdiction of the court in any event, even if it rendered his conviction erroneous. *Dime Savings Bank* v. *Pomeranz,* 123 Conn. 581, 583, 196 A. 634.

No finding was necessary in this case. The one ruling on evidence assigned as error was not pursued in the brief and there were no exceptions to the charge. The assignments seeking corrections in the finding need not be considered. The sole issue is whether on all the evidence the jury reasonably could find the defendant guilty beyond a reasonable doubt of the crime charged. *State* v. *Chin Lung,* 106 Conn. 701, 704, 139 A. 91. They could have found the following facts: In August, 1945, the Stamford lodge of Eagles promoted an outing. They planned to run a dice game, and the privilege was sold to one of their members, Leonard Ottaviani, for $200. Leonard secured the assistance of his brother Dominick, alias Bull Montana. At the outing, Dominick said he was expecting some friends

from New York, and the defendant and others arrived in New York cars. They asked for Dominick, who, they said, had their tickets. Later, the outing was raided by state police, who found a dice game in full operation and about $4500 on the table. The defendant was standing at the foot of the table. Michael Colletti, another accused, who has stipulated that he will be bound by the outcome of this appeal, stood at the head of the table on two cement blocks and attempted to scoop up the money when the police arrived. At that time the defendant claimed that the money on the table was his.

A few evenings later, Dominick and the defendant went to the office of the Eagles and demanded the return of the money paid by Leonard. The officer of the Eagles said they would return it only to Leonard. A short time later, Leonard came to the office with Dominick and the defendant and, at Leonard's direction, the money was returned to the defendant.

The information alleges that the defendant conspired with others "to set up and maintain a certain gambling game known as dice throwing; and pursuant thereto he did participate in causing a table for dice throwing to be set up . . . and did participate in inducing persons to wager money on the throwing of dice, against the peace and contrary to the form of the statute in such case made and provided." General Statutes, Cum. Sup. 1939, § 1447e, provides that any person shall be punished who combines, confederates or agrees with another or others to accomplish any unlawful object by unlawful means, and one or more of such persons does any act in furtherance of such agreement. Section 6280 provides that any person who shall manage or occupy any park, ground or place with

apparatus for the purpose of making bets or wagers shall be punished.

The defendant claims that he cannot be charged with conspiracy because the crime of gambling can only be committed by the concurrence of two parties and that therefore the conspiracy cannot be a separate offense, or in other words that the crime of gambling includes all of the elements of the crime of conspiring to gamble. *State* v. *Kemp,* 126 Conn. 60, 81, 9 A. 2d 63; 2 Wharton, Criminal Law (12th Ed.) § 1604. Wharton mentions as illustrations of the application of this principle duelling, bigamy, incest and adultery. See also notes, 11 A. L. R. 196, 104 A. L. R. 1430; 11 Am. Jur. 556. The principle is of limited application and in any event does not apply to this case. It is obvious that persons can set up a dice game and thus violate § 6280 even though no customers are obtained. The whole subject is examined and many cases cited in *State* v. *McLaughlin,* 132 Conn. 325, 334, 44 A. 2d 116, which is controlling and effectually disposes of all the arguments advanced by the defendant.

There was no direct evidence that the defendant conspired to commit the crime charged. He claims that there was no evidence from which the jury reasonably could infer that fact and that the verdict should have been set aside. This court pointed out a hundred years ago that conspiracy can seldom be proved by direct evidence but may be inferred from acts done. *State* v. *Spalding,* 19 Conn. 233, 237; see also *State* v. *Murphy,* 124 Conn. 554, 564, 1 A. 2d 274; *State* v. *Kemp,* supra, 79; *State* v. *Hayes,* 127 Conn. 543, 555, 18 A. 2d 895; *State* v. *Rich,* 129 Conn. 537, 540, 29 A. 2d 771; 2 Wharton, op. cit., § 1667. The statement of facts shows conclusively that there was ample evidence to convict this defendant of

guilty participation in the formation and carrying out of the conspiracy. His admission that the $200 paid for the privilege of conducting the game belonged to him, his presence at the table while the game was in progress and his claim to the money on the table when the game was interrupted by the police leave no doubt on that score. The ruling denying the motion to set aside the verdict was correct.

There is no error.

In this opinion the other judges concurred.