STATE OF CONNECTICUT *v.* GEORGE E. NELSON

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued June 4—decided July 8, 1952

*Abram W. Spiro,* with whom, on the brief, was *Irving Levine,* for the appellant (defendant).

*Lorin W. Willis,* state's attorney, with whom, on the brief, was *Otto J. Saur,* assistant state's attorney, for the appellee (state).

INGLIS, J. The defendant has appealed from a judgment rendered upon his conviction of the crime of arson. In addition to assigning errors in the finding, he claims that the trial court's conclusions are not supported by the subordinate facts found and that the evidence does not warrant a finding of guilt beyond a reasonable doubt. One question in particular which he raises is whether it was proper for the court to take into consideration his failure to testify in reaching its conclusions. He also claims error in one ruling on evidence.

So far as the court's conclusion of guilt is concerned, the defendant's assignment of error that upon all of the evidence that conclusion could not reasonably be arrived at beyond a reasonable doubt fully protects his rights without reference to his

assignments directed to the finding. *State* v. *Guastamachio,* 137 Conn. 179, 183, 75 A.2d 429. The court might reasonably have found the following facts: At about 3:45 in the afternoon of Saturday, December 9, 1950, a passer-by noticed that a summer cottage in New Fairfield owned by the defendant and his wife was on fire. In response to a call, the local fire department reached the scene at about 4:20 o'clock. By that time, as was disclosed by an examination made after the fire was out, it had been burning for an hour and a half or two hours and so had started before 3 o'clock. The cottage was a one-story building having a basement and an attic, sole access to which was by a trap door in the first-floor ceiling. The fire was clearly of incendiary origin because it had been started in three places: the attic, the kitchen cupboard on the main floor, and the basement. In close proximity to each of these places there were several bottles or jars of gasoline over the mouths of most of which was only tissue paper. There was no evidence that the cottage had been broken into prior to the arrival of the firemen.

The defendant was a resident of New York City. He admitted to police that he had been at his cottage on the day in question but claimed that he had left at about 1 o'clock and gone directly home. He had been seen in the neighborhood, however, at about 3 o'clock. He claimed that his purpose in being at the property was to clean up after a recent storm, but there was evidence that he had been there for that purpose on the preceding Saturday.

The cottage was insured against loss by fire in the amount of $10,000, which was not excessive. The contents were insured for $4000. The defendant made claim of loss under the policy. While the fire was in progress, most of the contents of the house

were moved outside by the firemen, where they were left for several days. During that period additional damage by way of tearing, breaking and marring was done to some of the furniture. During the same period the bottles of gasoline were removed from the house to a nearby wood. The defendant had been on the property during that time.

The defendant offered no evidence and did not testify on his own behalf. In arriving at its conclusion that the defendant was guilty, the court stated that it took that fact into consideration. In this, the defendant claims error. It is now well settled that a trier may take into consideration the failure of an accused to testify only if the state has made out a prima facie case against him. *State* v. *McDonough,* 129 Conn. 483, 487, 29 A.2d 582. A prima facie case is made out, however, when the evidence indicates to a reasonable person such a strong probability of guilt that a denial or an explanation by the defendant is reasonably called for. *State* v. *Rich,* 129 Conn. 537, 540, 29 A.2d 771. This is true even though the state's evidence is only circumstantial. *State* v. *Kreske,* 130 Conn. 558, 563, 36 A.2d 389.

In the present case the evidence produced by the state was sufficient to suggest the need of some denial or explanation by the defendant himself. It indicated not only that the fire was incendiary but also that he was on the scene at the time the fire was started. His statement to the police setting up an alibi had been shown to be false. The fire could only have been started by someone who had access to the interior of the cottage without breaking in. There was a possible motive in that the fire would permit the defendant to collect some ready money from his insurance. Those facts taken together made out a prima facie case. The court was entitled to

draw an inference of guilt from the defendant's failure to testify and when this was done there was proof of guilt beyond a reasonable doubt. *State* v. *Gudones,* 121 Conn. 704, 185 A. 414.

The ruling on evidence complained of was the admission of testimony of a state policeman connected with the state fire marshal's office, who investigated the fire, to the effect that in his opinion the fire had been burning for approximately two hours before it was "cooled" by the firemen. The only ground of objection made at the trial was that the witness was not qualified as an expert. It appeared that the witness had had experience in the determination of the cause of fires from his boyhood up and had taken an intensive course in the detection of incendiarism. The court could reasonably conclude, in its discretion, that the witness was qualified as an expert to express an opinion on the subject. *Wray* v. *Fairfield Amusement Co.,* 126 Conn. 221, 224, 10 A.2d 600, and cases cited.

There is no error.

In this opinion the other judges concurred.