STATE OF CONNECTICUT *v.* FRANK GROSSO

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued October 8—decided November 4, 1952

*Samuel E. Friedman,* with whom was *Arthur Levy, Jr.,* for the appellant (defendant).

*Lorin W. Willis,* state's attorney, with whom, on the brief, was *Otto J. Saur,* assistant state's attorney, for the appellee (state).

BROWN, C. J. The defendant was convicted, after a trial to the court, of conspiracy to violate the statutes against gaming. The information charged that on November 8, 1950, in Stamford, he conspired with three others to conduct a "lottery known as policy" and pursuant to the conspiracy "did aid and assist in the sale, distribution and collection of policy tickets so-called." At the conclusion of the state's case, the defendant's motion to dismiss was denied. The defendant rested without offering any evidence and the court found him guilty as charged. He has appealed. By his assignments of error he has attacked several of the court's rulings upon evidence, but one of which has been urged in argument, its finding of subordinate

facts and the conclusions based thereon, and also its conclusion that "upon all of the evidence" he is guilty. As we have repeatedly pointed out, his rights are fully protected by the comprehensive examination of the record required by the latter assignment, without consideration of the claimed corrections of the finding. *State* v. *Guastamachio,* 137 Conn. 179, 183, 75 A.2d 429; *State* v. *Nelson,* 139 Conn. 124, 125, 90 A.2d 157. Accordingly, no discussion of the errors assigned in the finding is necessary. In his opening argument before us, moreover, counsel for the defendant said: "I accept the facts as stated in the state's brief, and still claim that no conspiracy has been proved as to Grosso." We restrict our consideration to the question whether the court was warranted in concluding upon those facts that the defendant is guilty beyond a reasonable doubt.

The material facts referred to may be thus summarized: On November 8, 1950, and for four years prior thereto, Grosso was in possession of a store at 229 Pacific Street in Stamford which he operated as a combination luncheonette, cigar, candy and stationery store. For about a month prior to November 8, he and Joseph Longo were both observed in and about the store. Longo had been taking bets in the store on numbers in the policy game during two or three hours of each weekday for a period of about two years. At approximately one o'clock on the afternoon of November 8 police entered the store. Grosso was not present, but Longo was seated near the front entrance on a chair at the end of the cigar counter. In the counter was a memorandum of nine "plays" in the policy game and to the right of the cash register were a pencil and a white pad made up of numbered sheets in triplicate of the kind

used in the policy game and similar in form to the above-mentioned memorandum. In a case beyond the cash register were some three dozen pads of the same kind, and in the front window of the store was a carton containing about one hundred such pads. While the police were in the store, the other two alleged conspirators, named Pacelli, came to the front door, each carrying an envelope bearing the number assigned him as a bookie and containing between 130 and 150 bets on numbers in the policy game. In the conduct of a policy game it is necessary to have a place for the so-called bookies or runners to bring in their daily bets between certain hours, such designated place being known as a "drop."

The above facts relative to the operations carried on were more than ample to warrant the inference that Grosso's store constituted a drop where a policy game had been set up and was being maintained by and pursuant to a conspiracy between the three conspirators other than Grosso. *State* v. *Rich,* 129 Conn. 537, 540, 29 A.2d 771. In connection therewith the further facts as to Grosso's possession and use of the premises, his presence on repeated occasions in the store with Longo for a substantial portion of the period during which the latter was there daily taking bets, and the keeping of the quantities of policy slip forms in plain view in the store, sufficed to make out a prima facie case charging Grosso with knowledge and participation as a coconspirator. *State* v. *Rich,* supra, 540. This being so, the court, in determining whether or not he was guilty, was entitled to take into consideration the fact that he failed to testify. *State* v. *Nelson,* 139 Conn. 124, 127, 90 A.2d 157; *State* v. *McDonough,* 129 Conn. 483, 487, 29 A.2d 582. That the only evidence against him was circumstantial does not preclude the appli-

cation of this principle. *State* v. *Kreske,* 130 Conn. 558, 563, 36 A.2d 389. In fact, as this court has repeatedly pointed out, conspiracy can seldom be proved by direct evidence but may be inferred from acts done. *State* v. *Faillace,* 134 Conn, 181, 185, 56 A.2d 167. The conduct of Grosso under the circumstances which existed constituted such acts within the rule. See *State* v. *Hayes,* 127 Conn. 543, 569, 18 A.2d 895; *State* v. *Gannon,* 75 Conn. 206, 216, 52 A. 727. Therefore the court was warranted in concluding that, in permitting his store to be used as a drop, Grosso had the essential guilty knowledge and that he committed an act in furtherance of the purpose of a general conspiracy, which rendered him a coconspirator. The court did not err in concluding that Grosso was guilty as charged beyond a reasonable doubt.

The sole ruling on evidence complained of relates to a question asked of a state policeman as an expert and admitted over the defendant's objection. Since the finding fails to show that the question was answered, we would be warranted in disregarding the error assigned. This aside, the defendant's contention is without merit. No lack of qualification of the witness is involved. The question was designed to bring out the manner in which a numbers game is conducted. This the state was entitled to do, to supplement the evidence it had previously introduced as to what actually had been done by the defendant's alleged coconspirators, and particularly to show that the drop which the state claimed the defendant had knowingly provided was essential to the operation of the game. Since it is not to be assumed that this was a fact within the court's judicial knowledge, the question was properly allowed to aid the court in determining the question at issue. *Tay-*

*lor* v. *Town of Monroe,* 43 Conn. 36, 44; *Sickmund* v. *Connecticut Co.,* 122 Conn. 375, 379, 189 A. 876.

There is no error.

In this opinion the other judges concurred.