STATE OF CONNECTICUT *v.* ALVAH DeCOSTER

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued April 6—decided July 12, 1960

*Nathan G. Sachs,* for the appellant (defendant).

*George R. Tiernan,* prosecuting attorney, for the appellee (state).

SHEA, J. The defendant was charged, in an information containing two counts, with (a) operating a motor vehicle while under the influence of liquor and (b) intoxication. After the state produced evidence and rested its case, the defendant also rested, claiming that the evidence did not establish his guilt beyond a reasonable doubt. He was found guilty on both counts and has appealed.

On January 6, 1959, about 12:30 a.m., a police officer found the defendant slumped over the steering wheel of his car, which was stopped on Wright Avenue in New Haven. The defendant was intoxicated. He was the owner of the car and had a license to operate a motor vehicle. The key was in the switch but the ignition was turned off. There was damage to the car on the right side and both tires on that side were flat. Wright Avenue is the first street intersecting Amity Road west of the intersection of Amity Road and Whalley Avenue, where there is a rotary traffic circle with signs directing traffic to "Go Right." Four of these signs had been knocked down.

Section 14-227 of the General Statutes provides: "No person shall operate a motor vehicle while under the influence of intoxicating liquor . . . ." The state must prove each of the two essential elements of the crime charged beyond a reasonable doubt. *State* v. *Newman,* 127 Conn. 398, 400, 17 A.2d 774. The court was entitled to draw all fair and reasonable inferences from the facts established by the evidence, but the conclusions based on them must not be the result of speculation and conjecture. *Palmieri* v. *Macero,* 146 Conn. 705, 708, 155 A.2d 750; *Bruce* v. *McElhannon,* 141 Conn. 44, 48, 103 A.2d 335; *State* v. *Murphy,* 124 Conn. 554, 562, 1 A.2d 274. At the time of his arrest, the defendant was not operating a motor vehicle within the meaning of the law. *State* v. *Swift,* 125 Conn. 399, 403, 6 A.2d 359. No one had seen him operating the car, and there was no evidence to show how long it had been standing in the place where it was found. Even though the court might infer that the defendant's car had struck the signs at the traffic circle, there was no evidence whatever to show when or how the

collision occurred. Time was an element of impor-
tance. The state assumed the burden of proving not
only that the defendant was operating the car but
also that he was under the influence of liquor at the
time. This element was not satisfied by showing
that he was intoxicated when he was found by the
officer. *State* v. *Liechti,* 209 Iowa 1119, 1123, 229
N.W. 743. It is the law of this state that a man
shall not be convicted upon mere suspicion. The
state must prove guilt beyond a reasonable doubt,
that is, by such proof as precludes every reasonable
hypothesis except that which it tends to support. It
is proof wholly consistent with the defendant's guilt
and inconsistent with any other rational conclusion.
*State* v. *McDonough,* 129 Conn. 483, 485, 29 A.2d 582.
Our law is settled that the proof of guilt must ex-
clude, not every possible, but every reasonable sup-
position of the innocence of the accused. *State* v.
*Guilfoyle,* 109 Conn. 124, 139, 145 A. 761. In the
present case, the evidence does not exclude every
reasonable supposition of the innocence of the de-
fendant. In the absence of any evidence as to the
time when the defendant last operated his car, the
conclusion of the trial court that he violated the
statute was unwarranted and invaded the realm of
speculation and conjecture.

The defendant offered no evidence and did not
testify in his own behalf. The state contends that
even if its evidence, standing alone, did not war-
rant a finding of guilt, that evidence, supplemented
by the inference which the court could draw from
the defendant's failure to testify, did justify a con-
clusion of guilt. If the state had made out a prima
facie case against the defendant, the trier was en-
titled to take into consideration the fact that he did
not testify. *State* v. *DeGennaro,* 147 Conn. 296, 301,

160 A.2d 480; *State* v. *Pundy,* 147 Conn. 7, 12, 156 A.2d 193; *State* v. *Nelson,* 139 Conn. 124, 127, 90 A.2d 157. A prima facie case is made out when the evidence indicates to a reasonable person such a strong probability of guilt that a denial or an explanation by the defendant is reasonably called for. *State* v. *Rich,* 129 Conn. 537, 540, 29 A.2d 771. Unless the state makes out a prima facie case of guilt, no unfavorable inference may be drawn from the failure of the accused to testify. *State* v. *McDonough,* supra, 488.

The defendant has not pursued his appeal on the second count.

There is no error as to the second count; as to the first count, there is error, the judgment is set aside and the case is remanded with direction to render judgment that the defendant is not guilty.

In this opinion KING, MURPHY and MELLITZ, Js., concurred; BALDWIN, C. J., dissented.