STATE OF CONNECTICUT *v.* ROLAND DALLAIRE ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 14-4099

Argued August 18, 1961—decided April 9, 1962

*James N. Egan,* of Hartford, for the appellants (defendants).

*Edward Pasiecznik,* assistant prosecuting attorney, for the appellee (state).

REYNOLDS, J. The defendants were found guilty of lascivious carriage (General Statutes, § 53-219) and have appealed from the judgments rendered. The only question for determination is whether the evidence supports the court's conclusion that the defendants were guilty of the crime charged beyond a reasonable doubt.

The male defendant, a married man, visited the apartment of the female defendant, a single woman, early one afternoon with a group of people. He left and returned about twelve o'clock midnight with a large pizza pie, expecting to find the group of people there. His wife came screaming out of the bedroom, hit him over the head with the pizza pie and with a telephone receiver, ripped his gold cross off his neck and took his wrist watch. She tried to gouge his eyes.

The wife left after the melee and her husband remained to clean the apartment. When he went looking for his car, it was gone. He concluded that his wife took it. It was raining. He returned to the apartment and, with the permission of the female defendant, retired on the sofa in the parlor. The female defendant retired to her bedroom in another part of the house.

At about 1:30 a.m., the male defendant, Dallaire, heard a rap on the door. He was fully dressed, except for his shoes and stockings. He picked up his shoes and stockings and went to the bedroom to ask the female defendant what he should do. She stated

that her sister and a friend were expected and they knew how to get in. The light was turned on, and a police officer and the defendant Dallaire's wife and nephew were in the room.

The police officer testified that on May 28, 1961, at about 1:30 a.m., he went to the apartment with the male defendant's wife. He gained entrance via the rear door, which was open about an inch. A divorce action on the grounds of adultery was instituted following the arrests.

The word "lascivious," as employed in the statute, signifies conduct which is wanton, lewd and lustful, and tending to produce voluptuous or lewd emotions. *Zeiner* v. *Zeiner*, 120 Conn. 161, 166. The word "lascivious" includes wanton acts between persons of different sexes flowing from lustful passion, which are grossly indecent and unchaste, which are lewd and lustful, and which tend to produce lustful emotions and desires. "Lustful" means gross immorality. "Lewd" means given to unlawful indulgence of lust, eager for sexual indulgence. "Unchaste" means impurity of mind with reference to sexual relations.

The trier was entitled to draw all fair and reasonable inferences from the facts established by the evidence, but the conclusions based on them must not be the result of speculation and conjecture. An accused may not be convicted upon mere suspicion. The state must prove guilt beyond a reasonable doubt. That is, by such proof as precludes every reasonable hypothesis except that which it tends to support. It is proof wholly consistent with the guilt of the defendants and inconsistent with any other rational conclusion. Our law is settled that the proof of guilt must exclude, not every possible, but every reasonable supposition of the innocence of the accused. *State* v. *DeCoster*, 147 Conn. 502, 505.

At the time of the arrests, the defendants were not engaged in conduct which meets the standards set forth in the *Zeiner* case, supra. No one had seen any such conduct, and there was no evidence of any such conduct. In the absence of any such evidence, the conclusion of the trial court that the defendants violated the statute was unwarranted and invaded the realm of speculation and conjecture. In the present case, the evidence does not exclude every reasonable supposition of the innocence of the defendants and fails to support the conclusion that the defendants were guilty of the crime charged beyond a reasonable doubt. This opinion is limited to the facts of this particular case, and even a very slight variation in the facts could have resulted in a different decision.

There is error, the judgment is set aside and the case is remanded with direction to render judgment that the defendants are not guilty and ordering that they both be discharged.

In this opinion DANNEHY and MARTIN, Js., concurred.