The information charged the defendant with the crime of evading responsibility. General Statutes § 14-224. After a trial in which the defendant neither took the stand nor offered any evidence in his own behalf, the court entered a judgment of guilty. In this appeal, the sole assignment of error is in the court's conclusion that upon all the evidence the defendant was guilty of the crime charged beyond a reasonable doubt.
The evidence may be briefly summarized as follows: On December 14, 1961, after 6 p.m., Carmen N. Pazzina was in the driveway of premises on the east side of Arch Street in the city of New Britain, helping a friend to pack clothes in the trunk of a vehicle located in that driveway. Directly across the street was an illuminated automobile lot, and the area was also dimly lit by street lights. On the west side of Arch Street, opposite that driveway, two cars were parked, a 1960 Renault and, in its rear, a 1958 Mercury, each facing south. While he was packing, Pazzina heard a crash and, looking across Arch Street, observed a 1960 or 1961 light *Page 414 
green or blue Pontiac, in the vicinity of the parked cars, back up and drive off without stopping. The witness was approximately twenty-five feet from the parked cars. He further noticed that the front end of the Pontiac was smashed. When the Pontiac drove away, one of its wheels was rubbing. The witness took its registration number, Connecticut 6778. He also observed pieces of chrome, dirt and glass in the road. He then went to the Moose Hall, located nearby, and, having ascertained that the owners of the Mercury and the Renault were in the hall, gave each the registration number of the Pontiac. The left rear fender, taillight and bumper of the Mercury as well as the rear bumper and trunk of the Renault were damaged. Further investigation disclosed that the defendant was the registered owner of the Pontiac. An officer went to the defendant's home and questioned him. The defendant at this time had an odor of alcohol on his breath and his gait and speech were unsteady. He denied being involved in an accident. Accompanied by the defendant, the officer went to the defendant's garage, which was locked, looked through the window and observed a new Pontiac, registration Connecticut 6778, with a damaged right front fender, bumper, hood and right headlight. The defendant then admitted he was involved in an accident on Arch Street and had struck a parked car and had continued home, not thinking his car was damaged to any extent. He denied doing any damage to any parked cars.
Since the defendant has assigned error in the court's conclusion that upon all the evidence the defendant was guilty beyond a reasonable doubt, we determine from the entire evidence whether the court erred in holding that guilt was established by the requisite degree of proof. In making this examination, we do not evaluate the evidence except *Page 415 
to determine, as a question of law and not as an issue of fact, whether there is evidence which, if credited, would support the ultimate conclusion of guilt. State v. Plant, 22 Conn. Sup. 436, 442. The only claim raised by the defendant in both brief and argument is with respect to whether the evidence supported the conclusion that the car he was operating caused damage to the property of another. The state has attempted to meet this required element by claiming to have proved damage to one or both of the parked cars. The defendant contends that such proof as was offered falls short of that lawfully required.
In a criminal case, the state may rest its case upon evidence sufficient to make out a prima facie case. State v. Gargano, 99 Conn. 103, 108. A prima facie case is made out when the evidence indicates to a reasonable person such a strong probability of guilt that a denial or explanation by the defendant is reasonably called for. State v. DeCoster,147 Conn. 502, 506; State v. Nelson, 139 Conn. 124, 127. The trier could reasonably have drawn an inference from the evidence, which was both direct and convincingly circumstantial, that the damage to the parked cars resulted from an impact with the defendant's car. See State v. Foord, 142 Conn. 285,294; State v. Murphy, 124 Conn. 554, 562.
In the instant case, the defendant did not testify in his own behalf. In State v. McDonough,129 Conn. 483, 487, the court said: "`The inference drawn from the failure to testify does not supply the place of evidence of material facts and does not shift the burden of proof so as to relieve the party upon whom it rests of the necessity of establishing a prima facie case, although it may turn the scale when the evidence is closely balanced.' MiddletownTrust Co. v. Bregman, 118 Conn. 651, 657 . . . ." When the state has made out a prima facie case of *Page 416 
guilt, an adverse inference may be drawn from the failure of the defendant to testify in his own behalf.State v. DelVecchio, 145 Conn. 549, 551; State v.Tomassi, 137 Conn. 113, 119; State v. Nelson, supra. The state's evidence was sufficient to establish a prima facie case; it follows then that the trier could use the inference of guilt arising from the failure of the defendant to testify.
The claim that as a matter of law the court was not justified in finding the defendant guilty beyond a reasonable doubt is without merit.
 There is no error.
In this opinion KOSICKI and KINMONTH, Js., concurred.