STATE OF CONNECTICUT *v.* KENNETH R. CULLUM

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 15-322

Argued November 30, 1962—decided March 26, 1963

*William F. Mangan, Jr.,* of New Britain, for the appellant (defendant) on part one of the information.

*John J. Mangan,* of New Britain, with whom was *Edward McMahon,* of Plainville, for the appellant (defendant) on part two of the information.

*James R. Burton,* assistant prosecuting attorney, for the appellee (state).

DEARINGTON, J. Since there are two parts to the information, we first consider part one, that is, the errors claimed in the trial to the jury. The defendant claims error in the admission of certain testimony. In those assignments, the defendant has failed to follow our rules, which require each such assignment to be numbered and refer to an exhibit which shall set forth the question, objection, answer and exception. Cir. Ct. Rule 7.29.1(4). The defendant in his assignment of errors has improperly treated the transcript as an exhibit and merely referred by page numbers to certain pages among the 296 appearing in the transcript. By our treatment of the pages referred to as exhibits within the meaning of Circuit Court Rule 7.29.1(4), we are not, nor could we be considered as, establishing any precedent for such procedure. For instance, the defendant claims error in the court's "allowing an officer to testify over his objection that the defendant admitted he was driving when the state had not proven the corpus delicti." A reference is then made as follows: "Tr P-35." An examination of page 35 of the transcript warrants no such claim, for there is no testimony by the witness that the defendant was operating a motor vehicle. Furthermore, the ques-

tion objected to was never answered and was later withdrawn.

A written report of a police officer was laid in evidence, and the defendant alleges that the back of the report contained writings by others who were not called as witnesses by the state. The defendant claims that those notations were hearsay and harmful. The state offered a report of a police officer consisting of a number of questions asked the defendant, together with his answers. The defendant did not object to the admission of this exhibit at the time it was offered. Later, it was discovered that certain notations appearing on the back of the report had not been made by the witness. It does not appear that the prosecutor or the attorney for the defendant was aware of these notations at the time the report was admitted. In the meantime, the jury had examined the report. When this situation was brought to the court's attention, the jury were excused and the court discussed the matter with counsel. The court then ordered the clerk to block out the notations. The defendant objected to this procedure, moved for a mistrial and, upon being overruled, took an exception. The court was not at fault in this situation. It was the responsibility of counsel to examine the report for any possible infirmity it might contain. When the situation was brought to the court's attention, the court acted properly in immediately instructing the jury to disregard any notations they may have observed on the back of the report. See *Drazen* v. *New Haven Taxicab Co.*, 95 Conn. 500, 502. Furthermore, there is nothing in the record to indicate the substance or purport of the notations. The ruling of the court in denying the motion was not erroneous.

A doctor was called as a witness by the state. After he commenced to testify concerning an ex-

amination made by him of the defendant, it became apparent that he was reading from notes on a card. When the court became aware of this situation, it questioned the doctor and concluded that he had no present recollection other than the fact that he had examined the defendant a year ago and at that time had made his notes. See *Henowitz* v. *Rockville Savings Bank,* 118 Conn. 527, 530. On a motion by the state, the portion of the oral testimony other than the fact the doctor examined the witness and made notes at that time was stricken. The defendant objected and took an exception. The court then instructed the jury that the testimony concerning the tests was stricken and the jury must disregard it. See *State* v. *Ferrone,* 97 Conn. 258, 268. The notes were then admitted. The defendant then cross-examined the doctor in regard to the notes.

When it appears that the witness has no present recollection of past events but does know that the facts a memorandum states are correct and that the memorandum was made at about the time of the event recorded and represents his recollection at that time, the memorandum may be laid in evidence as a part of the direct examination. *Neff* v. *Neff,* 96 Conn. 273, 278. The court's ruling was in accord with the procedure stated in *Neff* v. *Neff,* supra. The defendant now contends for the first time that the court should have declared a mistrial since the doctor's oral testimony, though stricken from the evidence, had been heard by the jury, and the defendant now complains that he was not permitted to cross-examine the doctor with regard to that oral testimony. We do not feel constrained to rule on this claim, since it is now made for the first time. *State* v. *Van Keegan,* 142 Conn. 229, 236. Furthermore, the doctor's oral testimony was identical with that appearing in his notes, which were admitted

in evidence, and in this situation such testimony could hardly be considered harmful.

A doctor called by the defendant testified on cross-examination that a written signature appearing on a piece of paper was that of the defendant. The state then offered the paper containing the signature, and it was admitted over the objections of the defendant. The defendant contends that it was wrongfully admitted since there was no evidence of comparison with other signatures of the defendant. This claim is without merit. The witness had previously testified that the defendant in his presence and at his request had written his signature on the paper. The paper bearing the signature was admissible as a specimen of the defendant's writing at the time it was written, not to establish the genuineness of the signature.

A doctor called by the defendant, on cross-examination by the state, was questioned as to any conversation he had with the defendant at the time he examined him. The defendant objected on the ground that such purported conversation had not been brought out on direct examination. The court overruled the defendant, stating: "We have had indications he had conversations with him on prior testimony. I think he is entitled to explore the conversation with him." The admission or exclusion of new matters on cross-examination has been held to be within the sound discretion of the trial court. *State* v. *Reynolds,* 95 Conn. 186, 192; *State* v. *Pecciulis,* 84 Conn. 152, 162.

The defendant claims error in admitting certain testimony of a witness produced by the state for purposes of rebuttal. The subject matter of the rebuttal related to whether the witness, a doctor who had previously testified for the defendant, had observed the defendant in pain at the time he ex-

amined him. The defendant claims there had been no prior testimony on this subject to rebut. The court allowed the witness to answer the questions over the objection of the defendant, and he took an exception. The matter of rebuttal is largely discretionary with the court. *DiMaio* v. *Panico,* 115 Conn. 295, 299. The witness was asked a few questions and his answers could not be considered harmful to the defendant. The ruling is sustained.

As to part one of the information there is no error.

In his appeal relating to the second part of the information, the defendant assigns error in the admission of certain evidence and in the court's conclusion that upon all the evidence guilt was established beyond a reasonable doubt. As in part one, the defendant has failed to follow our rules as provided in Circuit Court Rule 7.29.1(4).

A police officer testified for the state that he had arrested the defendant on December 6, 1959, for the crime of operating while under the influence of liquor or drugs. He then identified the defendant and further testified that the defendant had entered a plea of not guilty, a trial had ensued, and the defendant had been found guilty, to which testimony the defendant objected. The court in admitting such testimony stated that it was not indicative of final disposition, for there might have been further proceedings such as an appeal. The defendant finds no fault with the part of the officer's testimony identifying the defendant as being the person arrested, charged and presented but claims that the part of his testimony relating to the disposition of the case was improper. With this contention we concur. The record of a prior conviction is competent proof of such a fact and is the best evidence. 20 Am. Jur. 376, Evidence, § 420; see *Northrop* v.

*Chase,* 76 Conn. 146, 148; *State* v. *Lindsay,* 109 Conn. 239, 243. However, in view of other evidence bearing on this point hereinafter considered, the admission of this evidence was not a reversible error.

The defendant claims error in the admission of a judgment file setting forth that one Kenneth R. Cullum was arraigned before the City Court of New Britain on December 12, 1959, was charged with operating a motor vehicle upon a public highway of this state while under the influence of intoxicating liquors or drugs, in violation of § 14-227 of our General Statutes, entered a plea of guilty and was sentenced. Such file was signed: "Matthew J. Avitable, Clerk of the Police Court." The witness, Matthew J. Avitable, identified himself as the former clerk of the New Britain Police Court and presently clerk of the Circuit Court for the fifteenth circuit. The defendant does not question the legality of the judgment file, complaint and warrant, but assigns as error that they should not have been admitted for the reason that there was no evidence that the witness was the official custodian of such documents. The defendant argues that the judgment file should have been filed with a "registrar of the records" in the office of the Circuit Court at Middletown, and therefore that the witness was not the official custodian. The judgment file had been kept in the office of the witness from the time of its preparation. The court concluded that the witness was the legal custodian of such documents.

Section 51-273 provides in part as follows: "All judicial files, records and dockets belonging to or appertaining to the office of . . . [any justice of the peace, trial justice, borough, city, town or police court judge or the traffic court of Danbury existing prior to January 1, 1961] shall be filed in the ap-

propriate office of the several clerks of the circuit court and safely kept therein and shall in all respects constitute records of said court." This section provides in unequivocal language that all files of courts ceasing to exist after January 1, 1961, be filed in the appropriate office of the several clerks of the Circuit Court and shall constitute records of said court. The New Britain Police Court ceased to function after December 31, 1960. § 51-273. The city of New Britain is located within the area designated as the fifteenth circuit. § 51-251. The clerk's office in that circuit is located in the city of New Britain, and it is not claimed that the witness is other than the duly appointed clerk for the Circuit Court in the fifteenth circuit. "Courts will generally take notice of whatever ought to be generally known within the limits of their jurisdiction." *Clapp* v. *Hartford,* 35 Conn. 66, 74. We conclude that the file in question was properly filed in the clerk's office of the Circuit Court in the fifteenth circuit in accordance with the provisions of § 51-273 and thereafter constituted a record of the Circuit Court. It follows therefore the court was not in error in ruling that the clerk was the legal custodian of such document.

The defendant further assigns as error that upon all the evidence as it relates to part two of the information, he could not be found guilty beyond a reasonable doubt. An officer testified that he had arrested the defendant on December 6, 1959, for operating under the influence of liquor or drugs and was present in court when the defendant was arraigned and tried, and the officer identified the defendant in that case as being the same person as the defendant in the instant case. See *State* v. *Frost,* 105 Conn. 326, 341. The judgment file, set forth in the attached warrant issued December 7, 1959, states that one Kenneth R. Cullum did com-

mit the crime of operating a motor vehicle while under the influence of intoxicating liquors or drugs, and the judgment file, dated December 12, 1959, set forth a plea of guilty to such allegation and included the sentence. This evidence warranted the conclusion that the state had made out a prima facie case of guilt, that is, a case where "the evidence indicates to a reasonable person such a strong probability of guilt that a denial or an explanation by the defendant is reasonably called for." *State v. Nelson,* 139 Conn. 124, 127. The defendant chose neither to take the stand nor to offer any evidence in his own behalf. If the state makes out a prima facie case of guilt within the meaning of the above rule, an adverse inference may be drawn from the failure of the defendant to testify in his own behalf. *State v. Nelson,* supra. The court did not err in concluding that upon all the evidence the defendant had been proven guilty beyond a reasonable doubt of the crime as charged in Part 2 of the information.

There is no error.

In this opinion ARMENTANO and KINMONTH, Js., concurred.