STATE OF CONNECTICUT *v.* ANONYMOUS (1980–5)*

APPELLATE SESSION OF THE SUPERIOR COURT

---

* Thus entitled, in view of General Statutes § 54-142a.

DAVID M. SHEA, J. After entering a plea of nolo contendere the defendant was found guilty of operating a motor vehicle under the influence of intoxicating liquor in violation of General Statutes § 14-227a and the penalty of a fine was imposed. He has appealed from that judgment, claiming error in the denial, for lack of jurisdiction, of his motion for pretrial accelerated rehabilitation under General Statutes § 54-76p.[1]

The record indicates that the trial court denied the defendant's motion upon the ground that the offense of operating a motor vehicle under the influence does not constitute a "crime" and, therefore, that the defendant did not qualify for accelerated rehabilitation which is available under § 54-76p only to "persons accused of a crime, not of a serious nature." The validity of this conclusion is the only issue raised in this appeal.

Operating under the influence of liquor, or "drunken driving" in ordinary parlance, has been commonly regarded as a "crime" in the general sense of that term. It is punishable under § 14-227a (e) by a fine or imprisonment or both for a first offense, and subsequent convictions carry mandatory jail terms. In our cases it has been consistently referred to as a crime. *State* v. *Englehart,* 158 Conn. 117, 119, 256 A.2d 231 (1969); *State* v. *DeCoster,* 147 Conn. 502, 503, 162 A.2d 704 (1960); *State* v. *McDonough,* 129 Conn. 483, 484, 29 A.2d 582 (1942).

The state contends that operating under the influence is not a crime because it falls within the exception to the definition of "offense" in General Stat-

---

[1] Invocation of the accelerated rehabilitation program is in the discretion of the trial court. On successful completion of the program, and on application by the defendant, the trial court "shall dismiss" the charges against him. General Statutes § 54-76p.

utes § 53a-24,[2] a provision of the penal code. The word "offense" is defined there to mean "any crime or violation which constitutes a breach of any law of this state . . . for which a sentence to a term of imprisonment or to a fine, or both, may be imposed, *except one that defines a motor vehicle violation or is deemed to be an infraction.*" (Emphasis added.) The term "motor vehicle violation" is not defined by any statute. The argument of the state necessarily assumes that any breach of law involving the use of a motor vehicle constitutes a "motor vehicle violation" and would therefore fall within the exception. The thrust of this argument would seem to apply to a number of other statutes prohibiting certain acts with a motor vehicle which have usually been regarded as criminal, such as misconduct with a motor vehicle in violation of General Statutes § 53a-57 or negligent homicide with a motor vehicle in violation of General Statutes § 53a-58a. Section 14-227a, which prohibits operating under the influence, is found in chapter 248 of the statutes, entitled "Vehicle Highway Use," rather than in chapter 952, entitled "Penal Code: Offenses." We hesitate to attribute much signifi-

---

[2] "[General Statutes] Sec. 53a-24. OFFENSE DEFINED. APPLICATION OF SENTENCING PROVISIONS TO MOTOR VEHICLE AND DRUG SELLING VIOLATORS. (a) The term 'offense' means any crime or violation which constitutes a breach of any law of this state or of any other state or of federal law or local law or ordinance of a political subdivision of this state, for which a sentence to a term of imprisonment or to a fine, or both, may be imposed, except one that defines a motor vehicle violation or is deemed to be an infraction. The term 'crime' comprises felonies and misdemeanors. Every offense which is not a 'crime' is a 'violation.' Conviction of a violation shall not give rise to any disability or legal disadvantage based on conviction of a criminal offense.

"(b) Notwithstanding the provisions of subsection (a), the provisions of sections 53a-28 to 53a-44, inclusive, shall apply to motor vehicle violations. Said provisions shall apply to convictions under section 19-480a except that the execution of any mandatory minimum sentence imposed under the provisions of said section may not be suspended."

cance to this circumstance, however, since it is expressly provided that the felony, misdemeanor, and violation classifications of the penal code apply also to charges based upon sections of the General Statutes not included in the code. General Statutes §§ 53a-25 (c), 53a-26 (c), 53a-27 (b). The broad exclusion of all breaches of law involving motor vehicles is also contrary to the intention of the draftsmen of the penal code, who apparently intended that only motor vehicle *infractions* should be excepted from the definition of "offense."[3]

Although the phrase "motor vehicle violation" is undefined, a "violation" is defined as "[a]n offense, for which the only sentence authorized is a fine . . . unless expressly designated an infraction." General Statutes § 53a-27 (a). Operating under the influence would not qualify as a violation under this definition because it is punishable by imprisonment as well as by a fine. It would be an unclassified misdemeanor because the punishment provided falls within the parameters of General Statutes § 53a-26 (a). If it comes within that classification it is a "crime" because that term, as used in the penal code, "comprises felonies and misdemeanors." General Statutes § 53a-24 (a).

We have concluded that the term "motor vehicle violations," not being otherwise defined, incorporates the definition of "violation" contained in § 53a-27 (a) as an offense punishable only by a fine. The comment of the draftsmen of the penal code upon § 53a-24 (a) states that " '[v]iolation,' which must be read in connection with section

---

[3] The comment of the commission to revise the penal code upon General Statutes § 53a-24(b) is partly as follows: "The definition of 'offense' in subsection (a) makes clear that it does not include motor vehicle infractions. The purpose of this provision is to except from the operation of the Code, except as provided in subsection (b), motor vehicle infractions." 27A Connecticut General Statutes, Annotated (West Ed.), commission comment (1971).

53a-27, means an offense calling only for a fine for breach thereof." 27A Connecticut General Statutes, Annotated (West Ed.), commission comment (1971). Our view is consistent with this comment. The exception of "motor vehicle violations" from the definition of "offense" is limited to breaches of statutes involving motor vehicles when the only penalty which can be imposed is a fine.[4] Operating under the influence as prohibited by § 14-227a does not fall within the exception because it is not punishable as a "violation" defined by § 53a-27, but as an "unclassified misdemeanor" under § 53a-26 (c). Since it is a misdemeanor, it is also a "crime" as defined by § 53a-24 (a).

Because we have concluded that operating under the influence falls within the definition of "crime" contained in the penal code, we have no occasion to consider whether in the accelerated rehabilitation statute, § 54-76p, the word may have a broader import. We leave this question to another time.

We find error in the conclusion of the trial court that accelerated rehabilitation is jurisdictionally unavailable to persons charged with operating under the influence in violation of § 14-227a. It is clear from § 54-76p, however, that the invocation of a program of accelerated rehabilitation is discretionary with the court and that such discretion

---

[4] Since we are dealing with a question of legislative interpretation, we have not considered the effect of Practice Book, 1978, § 1021 which defines the terms "offense," "crime," "felony," "misdemeanor," "violation," and "infraction." Our analysis of the statutes, however, is consistent with these definitions. Practice Book, 1978, § 1021(5) defines "offense" to include traffic offenses; subsection (6) defines "crime" to be a felony or a misdemeanor; subsections (8) and (9) define "felony" and "misdemeanor" to be "offenses" for which a person may be sentenced to a term of imprisonment; and subsection (7) defines "violation" to be an "offense" for which the only sentence authorized is a fine. Because a breach of General Statutes § 14-227a may result in a penalty of imprisonment, it would fall within the definition of "crime" in Practice Book, 1978, § 1021.

must be exercised not only in reviewing the qualifications of the offender but also in considering the nature of the particular offense and the circumstances of its commission. In order to enable the trial court to exercise such discretion the judgment is vacated and the case is remanded for further proceedings.

PARSKEY and BIELUCH, Js., concurred in this opinion.