[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Daryl O'Rourke appeals the decision of the defendant Commissioner of Motor Vehicles suspending the plaintiff's motor vehicle operator's license pursuant to General Statutes 14-227b. The plaintiff appeals pursuant to4-183. The court rules in favor of the defendant Commissioner.
On February 27, 1992, the plaintiff was arrested for operating a motor vehicle under the influence of intoxicating liquor. The arresting officer, acting on behalf of the Commissioner, revoked and took possession of the plaintiff's driver's license and issued him a temporary license. The officer took this action on the basis of a chemical test of the plaintiff's breath, which was administered to measure his blood alcohol content (BAC).
On the basis of the police officer's report, the Commissioner subsequently suspended the plaintiff's license for one year. Thereafter, pursuant to the plaintiff's request and in accordance with 14-227b, the Commissioner held a hearing on the license suspension, which was conducted by a hearing officer designated in accordance with General Statutes14-4a.
Section 14-227b provides that the scope of the hearing is limited to a determination of four specific factual issues. In this case, in order to affirm the license suspension, the hearing officer had to find (1) that the police had probable cause to arrest the plaintiff for driving under the influence of intoxicating liquor; (2) that the plaintiff was lawfully CT Page 72 arrested; (3) that the chemical test indicated that the plaintiff's BAC exceeded the legal limit at the time of the alleged offense; and (4) that the plaintiff was operating the motor vehicle. The hearing officer did find those issues in the affirmative and sustained the license suspension.
The sole basis of the plaintiff's appeal is his contention that there was insufficient evidence to support the hearing officer's finding that the plaintiff was operating the vehicle.
Neither the plaintiff nor the police officer testified at the hearing. There were no other witnesses. The only evidence introduced at the hearing was the police officer's written report on the A44 form. The report stated that "Said vehicle was involved in a major motor vehicle accident that was found while on patrol." The location was noted as Route 107 in Redding. In the space where the officer is asked to state how he determined that the plaintiff was the operator of the vehicle, the officer stated that O'Rourke "was still in the drivers seat, wearing the vehicles safety belt." In describing the plaintiff's appearance, the officer stated, "Operator was very nervous, over polite. . . Oper. stated he was arrested 1 yr. ago for `DUI'". The officer's report also indicates that the vehicle was towed from the scene.
The plaintiff argues that the Supreme Court's decision in State v. DeCoster, 147 Conn. 502 (1960), requires reversal of the Commissioner's decision. In that case, a police officer found the defendant slumped over the steering wheel of his car, which was stopped with the engine off, key in the ignition switch. The car had been in an accident. The defendant was intoxicated. In reversing the defendant's criminal conviction on a charge of driving under the influence, the court held that there was insufficient evidence to support the trial court's finding that the defendant had been operating the car or that he was intoxicated while doing so. "Time was an element of importance. The state assumed the burden of proving not only that the defendant was operating the car but also that he was under the influence of liquor at the time. This element was not satisfied by showing that he was intoxicated when he was found by the officer." Id. 505.
The plaintiff's argument is compelling, and counsel CT Page 73 has briefed it well. However, the court concludes that it may not be sustained on the law and in the factual circumstances of this case. State v. DeCoster, supra, was a criminal case in which the state had the burden of proving each element of the crime beyond a reasonable doubt. Indeed, the court held that the state's proof had to "preclude(s) every reasonable hypothesis except that which it tends to support. It is proof wholly consistent with the defendant's guilt and inconsistent with any other rational conclusion." Id., 505. By contrast, "(i)n an administrative action . . . the agency need only produce probative and reliable evidence to ensure that the proceedings are fundamentally fair." Marshall v. DelPonte,27 Conn. App. 346, 351 (1992). The Marshall court specifically held that the decision of a hearing officer in a motor vehicle license suspension proceeding is not subject to the "far higher" burden of proof which is required for a criminal conviction of driving under the influence. Id., 351. The court's decision in Marshall is based on the governing provisions of the Uniform Administrative Procedure Act, specifically General Statutes 4-183(f)(5), which provides that the court must affirm the agency's factual findings unless they are "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."
The present case is also distinguishable from State v. DeCoster, supra, on its facts. In this case, unlike DeCoster, the plaintiff was found strapped to the driver's seat by the seat belt. The hearing officer could reasonably have inferred from this fact that it was more likely than not that the plaintiff had been in that seat, operating the vehicle, when the accident occurred. Such an inference was further supported by the statement of the plaintiff's counsel at the agency hearing that the plaintiff had lost his eye glasses during the accident. Finally, as pointed out by counsel for the Commissioner, the plaintiff's statements to the police officer, as recorded in the police report, indicated a "consciousness of guilt" which the hearing officer could consider in determining whether the plaintiff had been operating the vehicle while under the influence or liquor. State v. Burak, 201 Conn. 517, 533 (1986).
"Judicial review of the commissioner's action . . . is very restricted . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is CT Page 74 evidence . . . which reasonably supports the decision of the commissioner, (the court) cannot disturb the conclusion reached by him." Lawrence v. Kozlowski, 171 Conn. 705 (1976). In this case, the evidence in the record was sufficient for the hearing officer to determine, in accordance with the law applicable to administrative proceedings, that the plaintiff had been operating the motor vehicle and that the police had probable cause to arrest him for operating under the influence of intoxicating liquor.
The appeal is dismissed.
Maloney, J.