STATE OF NORTH CAROLINA v. JOHN JOHNSON, BOBBY RAY DANIELS AND ILEFONSO VAZQUES SANTOS

No. 7520SC672

(Filed 17 December 1975)

1. Kidnapping § 1— kidnapping at knifepoint — sufficiency of evidence

Evidence was sufficient to be submitted to the jury in a prosecution for kidnapping where it tended to show that defendant and two others escaped from jail and broke into an unoccupied house, when a woman entered the house to turn on the lights, she was grabbed by one of defendant's companions, all three of the men carried knives, the woman was forced outside at knifepoint and was forced into the

car driven by her friend from which she had just alighted, and the friend was forced to drive the car with defendant, his companions, and their first kidnap victim as passengers for some 30 to 40 minutes before police intercepted the automobile.

2. **Criminal Law § 89— cross-examination of defendant — prior reprehensible conduct — cross-examination proper**

The trial court did not err in permitting the district attorney to cross-examine defendant about being in, and escaping from, jail prior to the offenses in question, since defendant was not cross-examined about any indictment but was properly questioned about prior reprehensible conduct.

3. **Criminal Law § 168— no request for instruction — duty of court to instruct anyway — failure as harmless error**

Even though defendant failed to request an instruction on aiding and abetting, the trial court should have given such an instruction; however, the court's error in failing so to instruct was harmless beyond a reasonable doubt.

APPEAL by defendant Daniels from *Gavin, Judge*. Judgments entered 7 March 1975 in Superior Court, MOORE County. Heard in the Court of Appeals 19 November 1975.

John Johnson, named above as a defendant, also appealed to this court but on 13 November 1975 his motion for permission to withdraw his appeal was allowed. Hereinafter, the term "defendant" will refer only to Daniels.

In two bills of indictment, defendant, together with Ilefonso Vazques Santos and John Johnson, was charged with (1) kidnapping Laura Rose Tyson and (2) kidnapping Alice Lucille Morrison. The offenses allegedly occurred on 6 December 1974.

Over their objections, Johnson and defendant were tried together. They pled not guilty, a jury found them guilty as charged, and as to defendant the court entered judgments imposing two 20-year prison sentences, the sentence in the Tyson case to begin at expiration of sentence imposed in the Morrison case.

*Attorney General Edmisten, by Assistant Attorney General Charles M. Hensey, for the State.*

*Hurley E. Thompson, Jr., for defendant appellant.*

BRITT, Judge.

By his first assignment of error, defendant contends the court erred in consolidating the cases against him and those

against Johnson for trial. The assignment has no merit. The question of consolidation was addressed to the sound discretion of the trial judge, 2 N. C. Index 2d, Criminal Law, § 92, and no abuse of discretion has been shown.

[1]  By his second assignment of error, defendant contends the court erred in denying his motions for nonsuit. This assignment is without merit. Evidence presented by the State is summarized in pertinent part as follows:

On 6 December 1974, Mrs. Morrison lived in the Town of Carthage and worked for Lyle Turner. Around 5:00 p.m. on that date, Mrs. Tyson, accompanied by her 14-year-old son, carried Mrs. Morrison in Mrs. Tyson's automobile to the Turner home on Highway 27, in or near the Town of Carthage, to turn on the lights. After Mrs. Morrison unlocked the door and entered the house, she was grabbed by Santos. She got loose and ran out the door at which time Santos said, "If you run, I'll stab you." With a butcher knife in his hand, Santos followed Mrs. Morrison to the car where she first saw Johnson who told Santos to stab her if she screamed. Mrs. Tyson's son had gotten out of the car and was running down the road to a store. Johnson had taken Mrs. Tyson into the house. Santos and Johnson escorted Mrs. Morrison back into the house and soon thereafter forced both ladies to go with them to the car. As they were going out the door, Santos or Johnson called to defendant and he entered the yard from a side door of the house. Defendant was holding a knife by his side at the time.

When Santos, Johnson and the ladies returned to the car, defendant was sitting in the back seat and helped pull Mrs. Morrison into the car. With Mrs. Morrison sitting in the back between Santos and defendant, both of whom had knives, and with Johnson, who also had a knife, sitting in the front, Mrs. Tyson was required to drive the car up Highway 27 to Highway 22 and on toward Putnam. Johnson then ordered her to turn the car around and go back to Carthage for purpose of getting gas. On returning to Carthage, some 30 to 40 minutes after leaving the house, police intercepted the Tyson automobile and defendants were arrested. One of the officers saw defendant, before he got out of the car, push a knife with his foot under the front seat.

Defendant's testimony is summarized in pertinent part as follows: He is 21 and a resident of Montgomery, Alabama. On

6 December 1974, he, Santos, and Johnson were in the Turner house. He did not like staying in the house because he knew he would get in trouble "if something led to the police." He stayed in the house and then went with Santos and Johnson in the Tyson automobile because he was scared of Johnson. He denied having a knife. On cross-examination he stated that he met Johnson in Florida around November 1st and they became close friends; that he, Santos, and Johnson had been together since November; that he entered the Turner house after Santos or Johnson entered it; that prior to entering the Turner house they had been incarcerated in the Moore County Jail; that Johnson effectuated an escape from the jail and he escaped also because Johnson told him he had to go too; that one of the other two broke into the house next to the Turner house after they escaped from jail and they spent a night there.

Johnson testified and on cross-examination stated that he was from North Salem, New York, and had never resided in Moore County; that he, defendant and another person came to North Carolina from Florida; that he had been convicted of burglary, armed robbery and escape in the State of New York.

We hold that the evidence was more than sufficient to withstand the motions for nonsuit.

[2] By his third assignment of error, defendant contends the court erred in permitting the district attorney to cross-examine him about being in, and escaping from, jail prior to the offenses in question. Defendant argues that the effect of the cross-examination was to interrogate him regarding unrelated offenses for which he had been indicted but not convicted. The assignment has no merit. Defendant was not cross-examined about any indictment but was properly questioned about prior reprehensible conduct. See State v. Gainey, 280 N.C. 366, 185 S.E. 2d 874 (1972); State v. Williams, 279 N.C. 663, 185 S.E. 2d 174 (1971).

By his assignments 5, 6, 7 and 8, defendant contends the court erred in giving certain instructions to the jury and in failing to give other instructions. We deem it necessary to discuss only the questions raised by assignments 6 and 7, that the court erred in not instructing the jury with respect to aiding and abetting.

[3] While defendant did not request instructions on aiding and abetting, the trial court is required by G.S. 1-180 " . . . to de-

clare and explain the law arising on the evidence given in the case. . . . " The jury charge included the following instruction:

> "Now, further, the Court instructs you that, for a person to be guilty of a crime, it is not necessary that he, himself, do all of the acts necessary to constitute the crime. If two or more persons act together with a common purpose to commit the crime of Kidnapping, each of them is held responsible for the acts of the others done in the commission of the crime of kidnapping."

Defendant argues that " . . . the jury should have been charged that mere presence at the scene of the crime even with the knowledge of a criminal act or for that matter silent approval of a criminal act is not sufficient to establish aiding and abetting on the part of the defendant who is merely present."

We think the court erred in failing to give instructions on aiding and abetting. However, we think the error was harmless beyond a reasonable doubt. The only evidence that would require the instructions was the testimony of defendant to the effect that he was with Johnson and Santos and rode in the Tyson car because he was afraid not to; that he was scared of Johnson. Pitted against his testimony was the State's evidence summarized above including the showing that when defendant came out of the Turner house he was holding a knife by his side, that he helped pull Mrs. Morrison into the backseat of the automobile, and when the police stopped them, he was seen pushing a knife under the seat; also his testimony on cross-examination that he and Johnson were good friends, they had come to North Carolina from Florida, that he escaped from the Moore County Jail with Johnson, and that he feloniously entered the house next to the Turner house with Johnson and Santos and spent the night. With all of the opportunities defendant had to separate himself from Johnson, it is inconceivable that a jury would disregard all of the evidence against him and conclude that he was a forced participant in the kidnappings.

We have considered the other assignments of error brought forward and argued in defendant's brief but find them to be without merit.

For the reasons stated, we conclude that defendant received a fair trial free from reversible error.

No error.

Chief Judge BROCK and Judge MORRIS concur.