[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION FOR ALCOHOL EDUCATION PROGRAM
This memorandum of decision addresses the application of the defendant. Robert Wimpfeimer, for admission into Connecticut's Alcohol Education Program (AEP) pursuant to § 54-56g (a) of the General Statutes. The defendant claims that he is eligible for participation in this program, and entitled to the benefit of dismissal of pending charges upon its successful completion. The state objects to the granting of this program, claiming that the defendants prior conviction for an alcohol related motor vehicle offense renders him ineligible for the privilege of using the AEP.
The defendant has been charged with operating a motor vehicle on August 29, 1998, while under the influence of intoxicating liquor or drugs in violation of § 14-227a of the General Statutes. At this time, the defendant does not contest the validity of his seizure or arrest on these charges.[1] The defendant admits that on April 2, 1995, he was arrested in the State of North Carolina, and charged with the offense of operating a motor vehicle "[w]hile subject to an impairing substance" in violation of that states G.S. § 20-138. The exhibits submitted by the defendant in support of his current application indicate that at the time of his arrest in North Carolina, he refused to take the "Intoxilyzer-Alcohol Analyzer" CT Page 3787 test that was offered to him, so that no evidence is available to establish his blood alcohol level on that date. The defendant further admits that on April 3, 1995, he submitted a guilty plea in response to these charges, and that his penalty required payment of a fine of $200 to the state of North Carolina. Thereafter, he was arrested on the charges which are the subject of the defendants application for Connecticut's AEP. The defendant acknowledges that his admission into this program is subject to the courts discretion. § 54-56g (b).
In determining whether to grant an accused persons application for participation in the AEP, the court must consider the recommendation of the state, and must assess the applicants statutory eligibility as required by § 54-56g (a) and (b). Section 54-56g (a) establishes that the AEP will be available only for an individual who "states under oath, in open court or before any person designated by the clerk and duly authorized to administer oaths, under penalties of perjury" that certain events have not before occurred. § 54-56g (a). Those events include the following: first, that the applicant has never before "had such system invoked in his behalf; second, that "he has not been convicted of a violation of section 53a-56b or53a-60d . . . or a violation of subdivision (1) or (2) of subsection (a) of section 14-227a on or after October 1, 1985"; and third, that "he has not been convicted in any other state at any time of an offense the essential elements of which are substantially the same as section 53a-56b or 53a-60d or subdivision (1) or (2) of subsection (a) of section 14-227a." § 54-56g (a).[2]
In considering this matter, the courts attention has been drawn to the third prong of § 54-56g (a). In the thorough and scholarly brief in support of the defendants application, he has asserted multiple bases for his claim that he is an appropriate candidate for the AEP. The defendant states that he has never previously been convicted of violating § 14-227a, § 53a-56b or § 53a-50d, and that he "has not previously participated in the Connecticut Pretrial Alcohol Education System nor has he had the benefit of a similar, comprehensive pretrial alcohol education program in any other jurisdiction."[3] The defendant further argues that because the essential elements of North Carolina's § 20-138 are not substantially the same as the elements of Connecticut's § 14-227a, he is not precluded from using the AEP.
Thus, for the purposes assessing the pending application, the court must address the question of whether the defendants 1995 CT Page 3788 North Carolina conviction, for violation of that states §20-138, constitutes a conviction of an offense whose essential elements are substantially the same as those of § 14-227a (1) or (2). Connecticut's § 14-227a sets forth the following relevant provisions: (a) No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if he operates a motor vehicle on a public highway of this state . . . (1) while under the influence of intoxicating liquor or any drug or both or (2) while the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight." The primary elements of § 14-227a are twofold: in addition proving the status of the location at which operation under the influence is alleged to have occurred, in a prosecution under either subsection (1) or (2) of § 14-227a, "[t]he state must prove each of the two essential elements of the crime charged [that the defendant was the operator and that he was under the influence of intoxicating liquor] beyond a reasonable doubt. . . .State v. DeCoster, 147 Conn. 502, 504, 162 A.2d 704 (1960). Statev. Comollo, 21 Conn. App. 210, 214-215 (1990). North Carolina's § 20-138 establishes the following relevant elements: 1. (a) A person commits the offense of impaired driving if he drives any vehicle upon any highway . . . within the State: (1) While under the influence of an impairing substance; or (2) After having consumed sufficient alcohol that he has, at any relevant time after the driving, an alcohol concentration of 0.08 or more."
In support of his claim that he should now be entitled to admission into the AEP, the defendant tacitly concedes that both Connecticut's § 14-227a and North Carolina's § 20-138 are directed at punishing individuals who operate motor vehicles upon public streets or highways while under the influence of alcoholic beverages. However, the defendant cites a number of linguistic and technical discrepancies between the statutes enacted in this state and North Carolina, each of which he claims constitutes a disparate essential element of the offenses, within the meaning of § 54-56g. The defendant initially notes that the blood alcohol level required for per se conviction of the offense of driving under the influence is lower in North Carolina than it is in Connecticut. The court finds this argument to be inapposite to the present case, where the defendant has voluntarily provided the court with exhibits which establish that he has no evidence available to establish his blood alcohol level at the time of his 1995 arrest in North Carolina, so that the merits of that CT Page 3789 conviction cannot be reviewed.
The defendant also identifies the provision of the North Carolina law that would allow evidence of an accused's blood alcohol level "at any relevant time after operation" or the motor vehicle in question to support a charge of operating under the influence.[4] He claims that in contrast, Connecticut requires evidence of an accused's blood alcohol level at the time of operation under the influence. The defendant relies upon State v. Catoe, supra, to support his argument that this distinction establishes a substantial dissimilarity between the elements of § 14-227a and North Carolina § 20-138. A close reading ofState v. Catoe reveals that the decision affirms the sister states willingness to accept expert opinion testimony as an appropriate basis for the extrapolation and proof of an accused's blood alcohol level "at the time of the accident" involved in that case. State v. Catoe, supra, 78 N.C. App. 168.[5] From this perspective, North Carolina's concern with an accused's blood alcohol level at the time of operation would appear to mirror that of this state, establishing a similarity rather than a substantial difference between the elements of § 20-138 in North Carolina and Connecticut's § 14-227a (a)(2).
The defendant proceeds to refer to certain distinctions between the states definitions of the type of "vehicle" an accused must be operating to sustain a conviction under North Carolina's § 20-138 and Connecticut's § 14-227a. Pursuant to Connecticut's § 14-1 (a)(47), the term ""motor vehicle means any vehicle propelled or drawn by any nonmuscularpower. . . ." (Emphasis added.) The text of the North Carolina statute, cited by the accused, would indeed allow the conviction of an individual who rides a horse, ostensibly propelling himself by muscular power of a non-human type. See State v. Dellinger,73 N.C. App. 685, 687, 327 S.E.2d 609 (1985). Similarly, as noted by the defendant, North Carolina's § 20-138 may well permit the conviction of an individual who, while impaired, operates a farm tractor at any rate of speed. See State v. Green, 251 N.C. 141,144, 110 S.E.2d (1959). On the other hand, in Connecticut, conviction for violating § 14-227a would not likely occur if an accused was proved to have operated that agricultural tractor or ridden that horse, pursuant to the definition of "motor vehicle" contained in § 14-1(a)(47). On the other hand, the plain language of each statute similarly contemplates the assignment of a penalty for an individual who is proved to have driven a car while under the influence, the factual basis for the pending CT Page 3790 charges against the defendant. See, e.g., State v. Catoe, supra,28 N.C. App. 167 (indictment and conviction for "DWI").
The defendant has raised these technical distinctions in an effort to establish that the elements of North Carolina's §20-138 are not substantially the same as those of Connecticut's § 14-227a, but are so dissimilar that he should be entitled to the benefits of the AEP notwithstanding his prior conviction. In so doing, the defendant has failed to address the salient similarities of the essential elements in the two statutes, which both permit conviction based upon either laboratory analysis of blood alcohol content or proof that the accused was operating a motor vehicle while under the influence of an impairing substance such as drugs or alcohol. See Connecticut § 14-227a (a)(1) and (2); North Carolina § 20-138.1. (a)(1) and (2). The similarity of these essential elements is explicated throughState v. Catoe, supra, on which the defendant relies for relief. In that case, the North Carolina Court of Appeals affirmed that "the State was not required to establish [a] BAC to prove DWI."State v. Catoe, supra, 28 N.C. App. 170. Like Connecticut, North Carolina has enacted a statute which permits conviction of the offense of driving under the influence based upon lay and professional observations of impaired behavior, as well as based upon laboratory data. Again, the essential elements of North Carolina's § 20-138 mimic, rather than differ from, those of Connecticut's § 14-227a.
Notwithstanding the defendants vigorous arguments, the court is constrained to conclude that the elements of North Carolina's § 20-138 are substantially the same as those of § 14-227a
(1) or (2). Accordingly, the defendant is found to be ineligible for the participation in the Alcohol Education System as established by § 54-56g of the General Statutes.
WHEREUPON, the defendants application for the Connecticut Pre-Trial Alcohol Education Program is hereby DENIED.
BY THE COURT,
N. Rubinow, J.