******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## LISETTE BOUCHARD *v.* COMMISSIONER OF MOTOR VEHICLES
## (AC 48061)

Cradle, C. J., and Elgo and Westbrook, Js.

*Syllabus*

The plaintiff appealed from the Superior Court's judgment dismissing her administrative appeal from the defendant's decision to suspend her motor vehicle operator's license. She claimed that the court improperly rejected her claim that a Department of Motor Vehicles' hearing officer improperly admitted into evidence at the administrative hearing an A-44 form because it was not transmitted to the department within three business days of the incident, as required by statute ((Rev. to 2023) § 14-227b (c)). *Held*:

This court concluded that the trial court's dismissal of the plaintiff's appeal was not improper on the alternative ground that the plaintiff's evidentiary claim regarding the transmittal requirement of § 14-227b (c) was unpreserved, as the factual question of whether the arresting officer complied with the transmittal requirement of § 14-227b (c) was neither presented to nor decided by the hearing officer, and, even if the claim had been preserved, the record was inadequate to review the merits of the plaintiff's claim as the hearing officer never made any findings with respect to that factual issue.

Argued December 10, 2025—officially released April 14, 2026

*Procedural History*

Appeal from the decision by the defendant suspending the plaintiff's license to operate a motor vehicle, brought to the Superior Court in the judicial district of New London and transferred to the judicial district of New Britain, where the case was tried to the court, *Hon. Henry S. Cohn*, judge trial referee; judgment dismissing the appeal, from which the plaintiff appealed to this court. *Affirmed*.

*Drzislav Coric*, with whom was *Brandon H. Marley*, for the appellant (plaintiff).

*Brian Tetreault*, assistant attorney general, with whom, on the brief, was *William Tong*, attorney general, for the appellee (defendant).

*Opinion*

ELGO, J. The plaintiff, Lisette Bouchard, appeals from the judgment of the Superior Court rendered in favor of the defendant, the Commissioner of Motor Vehicles, dismissing her administrative appeal from the decision of the defendant to suspend her motor vehicle operator's license. On appeal, the plaintiff contends that the court improperly rejected her claim that the hearing officer improperly admitted an A-44 form[1] into evidence at the administrative hearing because it was not transmitted to the Department of Motor Vehicles (department) within three business days of the incident, as required by General Statutes (Rev. to 2023) § 14-227b (c).[2] We affirm the judgment of the Superior Court.

The following facts, as set forth in the court's memorandum of decision, and procedural history are relevant to our resolution of this appeal. "On July 31, 2023, the plaintiff was operating her white 2020 Jeep Compass motor vehicle northbound on Route 85 in Montville at approximately 10:29 p.m. State Trooper Noah Blanchette was patrolling said roadway and . . . observed the plaintiff's vehicle traveling in front of a line of two other vehicles . . . . He further observed the plaintiff's [vehicle] suddenly and for no apparent reason abruptly stop in the middle of Route 85, causing the two other vehicles to take evasive maneuvers to avoid striking the [plaintiff's vehicle]. In light thereof, [Blanchette] activated his overhead lights and directed the plaintiff to the side of the road.

"Upon reaching her vehicle, Blanchette immediately detected the odor of alcohol emanating from the vehicle, and found that the plaintiff's speech was slow and slurred, her eyes red/glassy and her pupils dilated. [The

---

[1] "The A-44 form is used by the police to report an arrest related to operating a motor vehicle under the influence and the results of any sobriety tests administered or the refusal to submit to such tests." *Roy* v. *Commissioner of Motor Vehicles,* 67 Conn. App. 394, 396 n.3, 786 A.2d 1279 (2001).

[2] Unless otherwise indicated, all references to § 14-227b in this opinion are to the 2023 revision of the statute.

plaintiff] acknowledged having been at a restaurant for dinner though denied drinking alcohol at first. Blanchette again noted the odor of alcohol on her breath when she exited the vehicle and, when she was again asked about having consumed alcohol, given her consistently slow and slurred speech and the odor of alcohol, she 'just stared at [Blanchette] and didn't respond.'

"Blanchette next administered a field sobriety test . . . which the plaintiff failed. She swayed side to side throughout and could not keep her head still and began to cry when reminded only to keep her eyes on the officer's finger during the nystagmus testing. She failed to maintain heel-to-toe steps during the walk/turn test and repeatedly stepped off the line. Finally, during the one-legged standing test, she nearly fell over immediately and then kept putting her foot down despite being reminded to keep her leg raised. As a result of the officer's observations prior to the [sobriety test] and the plaintiff's failure of [that test], she was placed under arrest at approximately 10:43 p.m. for [operating a motor vehicle while under the influence] in violation of General Statutes § 14-227a.

"While being transported to the police station, [the plaintiff] told Blanchette that her '"ex-husband is a special kind of person so I know what to say" regarding her consuming alcoholic beverages.' When she was expressly asked to provide an alcohol Breathalyzer sample she 'verbally stated [that] she was going to refuse to [take] a breath test [stating that] "my husband is in the system,"' which refusal was witnessed by [State] Trooper [Edward] Kieltyka."

On August 10, 2023, the defendant notified the plaintiff that her license to operate a motor vehicle was being suspended for a period of forty-five days. The plaintiff availed herself of her right to contest that suspension and a department hearing officer held an administrative hearing pursuant to § 14-227b on September 15, 2023.[3]

---

[3] As our Supreme Court has explained, license suspension hearings "are strictly limited to a determination of the following issues: (1) Did

At the outset of that hearing, the plaintiff's attorney objected to the admission of an A-44 form[4] into evidence on three grounds. First, he claimed that the A-44 form "does not comply with **[§ 14-227b (c)]** in that Section H [of the A-44 form] is not filled out." Second, he claimed that the A-44 form lacked an indicia of reliability because it did not specify the particular manner by which the plaintiff refused to be tested.[5] Third, he claimed that the A-44 form should not be admitted because the chemical alcohol test printout attached to the A-44 form indicated "hardware error" rather than "refusal." The hearing officer overruled that objection. The plaintiff's attorney then indicated that he had nothing further, and the administrative hearing thereupon concluded.

In a subsequent decision dated September 20, 2023, the defendant, through the hearing officer, found that **(1)** Blanchette had probable cause to arrest the plaintiff for a violation specified in § 14-227b, **(2)** the plaintiff was placed under arrest, **(3)** the plaintiff refused to submit to a chemical alcohol test, and **(4)** the plaintiff was operating

the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor or any drug or both; (2) was such person placed under arrest; (3) did such person . . . submit to [a] test or analysis, commenced within two hours of the time of operation, [which] . . . indicated that such person had an elevated blood alcohol content; and (4) was such person operating the motor vehicle. If the hearing officer finds affirmatively on all four issues, the hearing officer must uphold the [defendant's] suspension of the person's license." (Internal quotation marks omitted.) *Do* v. *Commissioner of Motor Vehicles*, 330 Conn. 651, 658–59, 200 A.3d 681 (2019); see also *Fishbein* v. *Kozlowski*, 252 Conn. 38, 46, 743 A.2d 1110 (1999) ("[w]e . . . have held repeatedly that the plain language of the statute expressly and narrowly limits the scope of the license suspension hearing to the four issues enumerated in the statute").

[4] The A-44 form was prepared by Blanchette and was accompanied by a chemical alcohol test printout and Blanchette's five page investigation report detailing the events that transpired on July 31, 2023.

[5] Section H of the A-44 form contains two boxes, which state "test/ evaluation refused verbally" and "test/evaluation refused by conduct." It then allows the arresting officer to specify whether the motor vehicle operator refused to submit to a chemical test, a drug influence evaluation, or both.

the motor vehicle.[6] Accordingly, the defendant ordered the suspension of the plaintiff's license for forty-five days and required an ignition interlock device to be installed and maintained in her vehicle for one year.

From that decision, the plaintiff appealed to the Superior Court pursuant to General Statutes § 4-183. In her complaint, the plaintiff reiterated the three grounds of objection advanced by her attorney at the administrative hearing.[7] For those three reasons, the plaintiff claimed that the hearing officer improperly admitted the A-44 form into evidence. The plaintiff further alleged that, without the A-44 form and accompanying materials, the defendant "did not put forth substantial evidence to suspend [her] license."

Seven months later, the plaintiff filed a brief with the court, in which she again reiterated the three grounds of objection she advanced at the administrative hearing. In that brief, the plaintiff raised an "additional" claim of noncompliance with § 14-227b (c). Specifically, the plaintiff claimed that Blanchette failed to comply with the requirement of § 14-227b (c) that he mail or otherwise transmit the A-44 form to the department within three business days. The defendant filed a brief in response, in which it argued, inter alia, that the plaintiff's untimely transmittal claim was unpreserved, as she failed to raise it at the administrative hearing.

The court conducted a hearing on September 3, 2024. In its subsequent memorandum of decision, the court

---

[6] The hearing officer further noted, as a subordinate finding, that "the [plaintiff] refused to provide assent to the [chemical alcohol] test. [She] verbally stated she was going to refuse to take a breath test and provided her reason of, '[m]y husband is in the system.' This is nonresponsive to the officer's request to take the Breathalyzer [test]."

[7] Specifically, the plaintiff averred that "(a) [t]he A-44 form fails to contain such information prescribed by the [defendant]; (b) [t]he A-44 form failed [to] comply with the statute, wherein the subscribing officer who allegedly witnessed the refusal, failed to indicate the information prescribed by the [defendant]; and (c) [t]he chemical analysis fails to comply with the statute in that the chemical analysis receipt stated 'hardware error' rather than 'refusal.' "

rejected the plaintiff's claim that the hearing officer had improperly admitted the A-44 form into evidence and concluded that substantial evidence existed to support the decision to suspend her license.[8] The court thus dismissed the plaintiff's appeal, and this appeal followed.

As a preliminary matter, we note the standard of review applicable to our review of administrative decisions. "[J]udicial review of the [defendant's] action is governed by the Uniform Administrative Procedure Act [General Statutes §§ 4-166 through 4-189], and the scope of that review is very restricted. . . . [R]eview of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact. . . . Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion." (Internal quotation marks omitted.) *Winsor* v. *Commissioner of Motor Vehicles*, 101 Conn. App. 674, 679–80, 922 A.2d 330 (2007).

On appeal, the plaintiff claims that the court improperly admitted the A-44 form into evidence due to Blanchette's alleged failure to comply with the requirement of

---

[8] In so doing, the court declined to rule on the defendant's contention that the plaintiff's claim regarding the transmittal requirement of § 14-227b (c) was unpreserved. Instead, the court stated in relevant part: "[T]he plaintiff argues that the local police did not comply with the [transmittal requirement of] § 14-227b (c). . . . Here the report was completed within two days. The record shows that the report was transmitted to the [department] and was stamped . . . as received in eight business days. The record is silent on when the police report was transmitted by mail or otherwise. The fact that the report was received by the [department] after the three day deadline to transmit does not prove that § 14-227b (c) was not complied with. The plaintiff has failed to prove that the police did not timely mail or transmit the report after its completion."

§ 14-227b (c) that he mail or otherwise transmit it to the department within three business days.[9] In response, the defendant contends that we should decline to review the plaintiff's claim, as it was never raised at the September 15, 2023 administrative hearing. We agree with the defendant.

The following additional facts are relevant to this claim. It is undisputed that the A-44 form in question was signed by Blanchette on August 2, 2023, two business days after the plaintiff's arrest. It also is undisputed that the department stamped that document as "received" on August 8, 2023, six business days after her arrest. No further evidence was adduced at the administrative hearing regarding when or how that A-44 form was transmitted to the department. See *Marshall* v. *Commissioner of Motor Vehicles*, 348 Conn. 778, 781 n.2, 311 A.3d 704 (2024) (§ 14-227b (c) "provides that the police report may be mailed or electronically transmitted" to department).

Although the face of the A-44 form indicates that it was marked "received" by the department six business days after the plaintiff's arrest, the plaintiff, in objecting to its admission at the September 15, 2023 administrative hearing, did not raise any claim regarding Blanchette's compliance with the three day transmittal requirement of § 14-227b (c). As the appellate courts of this state repeatedly have observed, plaintiffs are not entitled to appellate review of issues that they failed to distinctly raise at the administrative hearing.[10] See,

---

[9] General Statutes (Rev. to 2023) § 14-227b (c) provides in relevant part: "If the person arrested refuses to submit to such test . . . the police officer, acting on behalf of the [defendant], shall immediately revoke and take possession of the motor vehicle operator's license . . . . The police officer shall prepare a report of the incident and shall mail or otherwise transmit in accordance with this subsection the report and a copy of the results of any chemical test to the [department] within three business days. . . ."

[10] "The requirement that the claim be raised distinctly means that it must be so stated as to bring to the attention of the [administrative hearing officer] the *precise* matter on which its decision is being asked. . . . [It must] alert the [hearing officer] to the specific deficiency now

e.g., *Direct Energy Services, LLC* v. *Public Utilities Regulatory Authority*, 347 Conn. 101, 147, 296 A.3d 795 (2023) ("an appellate tribunal is not required to consider a claim unless it was distinctly raised during the administrative proceeding"); *Ferraro* v. *Ridgefield European Motors, Inc.*, 313 Conn. 735, 759, 99 A.3d 1114 (2014) (requirement that party must distinctly raise claim at trial to obtain appellate review "applies to appeals from administrative proceedings as well"); *Dragan* v. *Connecticut Medical Examining Board*, 223 Conn. 618, 632, 613 A.2d 739 (1992) ("[a] party to an administrative proceeding cannot be allowed to participate fully at hearings and then, on appeal, raise claims that were not asserted"); *Finkenstein* v. *Administrator, Unemployment Compensation Act*, 192 Conn. 104, 114, 470 A.2d 1196 (1984) ("we will not set aside an agency's determination upon a ground not theretofore fairly presented for its consideration"); *O'Rourke* v. *Dept. of Labor*, 210 Conn. App. 836, 854, 271 A.3d 700 (2022) ("[t]he failure to raise [a] claim . . . at the time of the [administrative] hearing precludes [a party] from raising the issue on appeal" (internal quotation marks omitted)); *Ives* v. *Commissioner of Motor Vehicles*, 192 Conn. App. 587, 605, 218 A.3d 72 (2019) (declining to address claim "because it was not raised by the plaintiff in the administrative hearing below"); *Adams* v. *Commissioner of Motor Vehicles*, Superior Court, judicial district of New Britain, Docket No. CV-16-6033742-S (March 7, 2017) (reprinted at 182 Conn. App. 169, 176, 189 A.3d 629) ("[a] plaintiff cannot raise issues on appeal that he failed to present to the hearing officer below"), aff'd, 182 Conn. App. 165, 189 A.3d 629, cert. denied, 330 Conn. 940, 195 A.3d 1134 (2018); see also *Blake* v. *Commissioner of Motor Vehicles*, Superior Court, judicial

___

claimed on appeal." (Citation omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Carter*, 198 Conn. 386, 396, 503 A.2d 576 (1986); see also *Connecticut Fine Wine & Spirits, LLC* v. *Dept. of Consumer Protection, Liquor Control Commission*, 237 Conn. App. 1, 20, 350 A.3d 1142 (2025) ("[t]o merit consideration [in an administrative appeal], an issue must be distinctly raised [before the hearing officer], not just briefly suggested" (internal quotation marks omitted)).

district of New Britain, Docket No. CV-18-6045058-S (July 25, 2019) (declining to review plaintiff's claim "that the police failed to mail a copy of his report to [the department] within three business days as provided by . . . § 14-227b (c)" because that claim "was not raised before the hearing officer and is therefore not properly before the court").

At oral argument before this court, the plaintiff's counsel conceded that the plaintiff did not raise any claim regarding Blanchette's compliance with the transmittal requirement of § 14-227b (c) at the September 15, 2023 administrative hearing. That claim, therefore, is unpreserved.

In her principal appellate brief with this court, the plaintiff made no mention of the fact that she did not object to the admission of the A-44 form on the ground that Blanchette failed to comply with the transmittal requirement of § 14-227b (c). Instead, she argued the merits of that unpreserved evidentiary claim. In his appellate brief, the defendant argued, as a threshold issue, that the plaintiff's evidentiary claim should not be reviewed, as it was not raised at the September 15, 2023 administrative hearing. The plaintiff thereafter did not file a reply brief with this court, which would have permitted her to "respond directly and succinctly" to the defendant's contention. See Practice Book § 67-5A.

At oral argument, the plaintiff nonetheless advanced two reasons why this court should review her unpreserved evidentiary claim. Those arguments are improper, as they were not set forth in the plaintiff's appellate brief. See *J.E. Robert Co.* v. *Signature Properties, LLC*, 309 Conn. 307, 328 n.20, 71 A.3d 492 (2013) ("it is well settled that arguments cannot be raised for the first time at oral argument").

The plaintiff's arguments also are unavailing. She first posits that her failure to preserve her claim that Blanchette failed to comply with the transmittal requirement of § 14-227b (c) should be excused because that claim arose

subsequent to the September 15, 2023 administrative hearing. We disagree. At all relevant times, General Statutes (Rev. to 2023) § 14-227b (c) provided in relevant part that the police officer who prepared the A-44 form "shall mail or otherwise transmit [it] . . . to the [department] within three business days. . . ." That statutory requirement was not a new one, but rather has existed for decades. See, e.g., *Lee* v. *DelPonte*, Superior Court, judicial district of New Haven, Docket No. 295208 (September 20, 1990) (2 Conn. L. Rptr. 480, 481) (§ 14-227b (c) required police officer to mail report to department within three business days). The claim that Blanchette did not comply with that statutory requirement thus was ripe at the time of the administrative hearing.[11]

[11] The fact that our Supreme Court, in *Marshall* v. *Commissioner of Motor Vehicles*, supra, 348 Conn. 795, clarified that the transmittal requirement of § 14-227b (c) is mandatory, rather than directory, has little bearing on whether the plaintiff could have objected to the admission of the A-44 form at the administrative hearing due to Blanchette's alleged noncompliance with the transmittal requirement of § 14-227b (c). That statutory requirement existed long before the September 15, 2023 administrative hearing, which explains why counsel for the plaintiff in *Marshall* objected on that very basis at an administrative hearing held in 2019. See id., 784 ("[a]t the [August 9, 2019 administrative] hearing, the plaintiff's attorney objected to the admission of the report on the ground that it was not prepared and mailed to the department within three business days, as required by § 14-227b (c)"); see also *Massalski* v. *Commissioner of Motor Vehicles*, Superior Court, judicial district of New Britain, Docket No. CV-19-6053283-S (November 26, 2019) (plaintiff claimed "the A-44 should not have been admitted into evidence because it was not submitted to the [defendant] within three business days as provided for in § 14-227b (c)"); *Havican* v. *Commissioner of Motor Vehicles*, Superior Court, judicial district of Danbury, Docket No. CV-94-0121242-S (February 28, 1996) (plaintiff claimed "that the hearing officer was in error because the police failed to send the original of the report to the [department] in accordance with the provisions of . . . § 14-227b (c)"); *Scruton* v. *Commissioner of Motor Vehicles*, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV-94-0705137-S (February 8, 1995) (13 Conn. L. Rptr. 478, 478) (plaintiff objected to admission of A-44 form at administrative hearing on ground that police failed to comply with transmittal requirement of § 14-227b (c)).

Moreover, even if we were to conclude otherwise, the plaintiff has not offered any analysis as to why *Marshall*, which was decided on April 9, 2024, should have retroactive effect on an administrative decision

Although the plaintiff objected to the admission of the A-44 form at that hearing on three distinct grounds, she did not raise any claim regarding Blanchette's alleged noncompliance with the transmittal requirement of § 14-227b (c).

At oral argument before this court, the plaintiff's counsel acknowledged that the preservation requirement exists to prevent trial by ambuscade. See, e.g., *Grant* v. *Commissioner of Correction*, 345 Conn. 683, 701, 287 A.3d 124 (2022). He nonetheless argued that this well established precept has little application in the context of license suspension hearings, reasoning that, because there is no opposing counsel who could "respond" to objections raised by plaintiffs at those administrative hearings, there can be no ambush. We do not agree.

The plaintiff overlooks the fact that "the sina qua non" of the preservation requirement "is fair notice to the trial court"; *State* v. *Jorge P.*, 308 Conn. 740, 753, 66 A.3d 869 (2013); as well as to the opposing party. See *State* v. *Bennett*, 324 Conn. 744, 761, 155 A.3d 188 (2017). The preservation requirement and the corresponding duty of counsel to distinctly set forth the specific ground of objection "are not simply formalities. They serve to alert the trial court to potential error while there is still time for the court to act. . . . Assigning error to [the trial court's] rulings on the basis of objections never raised at trial unfairly subjects the court and the opposing party to trial by ambush." (Internal quotation marks omitted.) *State* v. *Ramon A. G.*, 336 Conn. 386, 395, 246 A.3d 481 (2020); see also *State* v. *Qayyum*, 344 Conn. 302, 310, 279 A.3d 172 (2022) ("In order to preserve an evidentiary

that became a final judgment six months earlier on September 20, 2023, pursuant to General Statutes § 4-180 (c). Although the defendant in his appellate brief provided a detailed discussion of the three factors outlined in *Chevron Oil Co.* v. *Huson,* 404 U.S. 97, 106–107, 92 S. Ct. 349, 30 L. Ed. 2d 296 (1971), and adopted by our Supreme Court to determine whether a common-law decision shall be applied retroactively; see *State* v. *Harrell*, 199 Conn. 255, 267–68, 506 A.2d 1041 (1986); the plaintiff has not provided this court with any argument or analysis thereof by way of a reply brief or at oral argument before this court.

ruling for review, trial counsel must object properly. . . . In objecting to evidence, counsel must properly articulate the basis of the objection so as to apprise the trial court of the precise nature of the objection and its real purpose, in order to form an adequate basis for a reviewable ruling." (Internal quotation marks omitted.)); *Suffield Bank* v. *Berman*, 228 Conn. 766, 785, 639 A.2d 1033 (1994) (noting that our Supreme Court "has expressly decried . . . 'trial by ambush' techniques").

Had the plaintiff objected to the admission of the A-44 form on the ground that Blanchette failed to comply with the transmittal requirement of § 14-227b (c), the hearing officer would have had the opportunity to continue the administrative hearing to procure the officer's testimony and avoid the alleged evidentiary error of which the plaintiff now complains. See *Prendergast* v. *Commissioner of Motor Vehicles*, 172 Conn. App. 545, 554–56, 160 A.3d 1087 (2017) (hearing officer did not abuse his discretion or violate plaintiff's right to due process by continuing administrative hearing to secure officer's testimony); *Gomes* v. *Commissioner of Motor Vehicles*, Superior Court, judicial district of New Britain, Docket No. CV-24-6087677-S (May 29, 2025) (after plaintiff objected to admission of A-44 form at administrative hearing "on the ground that the reports had not been transmitted [to the department] within three days," hearing officer continued hearing to secure testimony of arresting officer); *Adams* v. *Commissioner of Motor Vehicles*, supra, Superior Court, Docket No. CV-16-6033742-S ("[i]f the plaintiff had raised this claim before the hearing officer, the hearing officer could have continued the hearing to subpoena the officer"). The hearing officer also would have been alerted to the plaintiff's concern that the A-44 form had not been transmitted to the department within three business days and would have had the opportunity to make specific factual findings on that issue.

Lastly, we note that at no time did the plaintiff request leave from the Superior Court to present additional evidence before the hearing officer on the factual question

of whether Blanchette complied with the transmittal requirement of § 14-227b (c). See General Statutes § 4-183 (h); *Wakefield* v. *Commissioner of Motor Vehicles*, 90 Conn. App. 441, 443, 877 A.2d 1 (remand pursuant to § 4-183 (h) permits party to present additional evidence before agency upon demonstration that "additional evidence is material and that there are good reasons for the failure to present it in the proceeding before the agency"), cert. denied, 275 Conn. 931, 883 A.2d 1253 (2005). The plaintiff also did not ask the Superior Court to remand the matter to the hearing officer for further factual findings on that issue. See, e.g., *Modzelewski's Towing & Storage, Inc.* v. *Commissioner of Motor Vehicles*, 353 Conn. 486, 494, 342 A.3d 224 (2025) (Superior Court remanded case to hearing officer for additional factual determinations); *Do* v. *Commissioner of Motor Vehicles*, 330 Conn. 651, 663, 200 A.3d 681 (2019) (Superior Court "remanded the case to the hearing officer for an articulation" concerning unresolved factual issue); *Southbury Driving Academy* v. *Commissioner of Motor Vehicles*, Superior Court, judicial district of New Britain, Docket No. CV-12-6013690-S (June 18, 2014) (Superior Court "granted the plaintiff's motion for a remand and articulation of the hearing officer's decision" and hearing officer subsequently "issued a supplemental decision").

For that reason, even if we were to conclude that the plaintiff had preserved her claim regarding Blanchette's compliance with the transmittal requirement of § 14-227b (c), the record before us would be inadequate to review the merits of that claim, as the hearing officer in this case never made any findings with respect to that factual issue. In a license suspension hearing, the hearing officer is the finder of fact. See *Schallenkamp* v. *DelPonte*, 229 Conn. 31, 41, 639 A.2d 1018 (1994) ("it is the administrative hearing officer's function to determine issues of fact" at hearing held pursuant to § 14-227b). Accordingly, the Superior Court, in an appeal from a decision of the hearing officer in a license suspension hearing, cannot assume "the role of fact finder" without exceeding "the limited scope of judicial review authorized

by" the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq. *Wolf* v. *Commissioner of Motor Vehicles,* 70 Conn. App. 76, 85, 797 A.2d 567 (2002); accord *Do* v. *Commissioner of Motor Vehicles*, supra, 330 Conn. 668 (court in administrative appeal cannot substitute its own judgment for that of hearing officer on questions of fact); *Pizzo* v. *Commissioner of Motor Vehicles*, 62 Conn. App. 571, 578, 771 A.2d 273 (2001) ("the determination of factual issues [is a matter] within the province of the administrative agency" (internal quotation marks omitted)). In addition, the present case is not one in which the record unequivocally indicates that the arresting officer failed to comply with the three day transmittal requirement of § 14-227b (c). Contra *Marshall* v. *Commissioner of Motor Vehicles*, supra, 348 Conn. 794 (record indicated that "the arresting officer did not complete the report until he signed and dated it five business days after the plaintiff's arrest"). Because the factual question of whether Blanchette complied with the transmittal requirement of § 14-227b (c) was neither presented to nor decided by the hearing officer, the record before us is inadequate to review the substance of the plaintiff's claim.

In light of the foregoing, we conclude that the plaintiff failed to preserve her evidentiary claim regarding the transmittal requirement of § 14-227b (c) before the hearing officer. That claim, therefore, was not properly before the Superior Court. See *Ferraro* v. *Ridgefield European Motors, Inc.*, supra, 313 Conn. 759; *Finkenstein* v. *Administrator, Unemployment Compensation Act*, supra, 192 Conn. 114; *Adams* v. *Commissioner of Motor Vehicles*, supra, Superior Court, Docket No. CV-16-6033742-S. Accordingly, we conclude that the court's dismissal of the plaintiff's appeal was not improper.[12]

---

[12] As this court has observed, "we may affirm a trial court's decision that reaches the right result, albeit for [a different] reason." (Internal quotation marks omitted.) *Stevens* v. *Khalily*, 220 Conn. App. 634, 644, 298 A.3d 1254, cert. denied, 348 Conn. 915, 303 A.3d 260 (2023); see also *South Windsor* v. *South Windsor Police Union, Local 1480, Council 15, AFSCME, AFL-CIO*, 41 Conn. App. 649, 656, 677 A.2d 464 ("we may affirm a correct result of the trial court for reasons different

The judgment is affirmed.

In this opinion the other judges concurred.

---

from those stated by the trial court"), cert. denied, 239 Conn. 926, 683 A.2d 22 (1996).